COLUMBUS BAR ASSOCIATION *v.* CLARK.

[Cite as *Columbus Bar Assn. v. Clark* (1996), 76 Ohio St.3d 363.]

(No. 96–432—Submitted May 1, 1996—Decided August 21, 1996.)

364

*Bruce Campbell* and *Michael Becker,* for relator.
*John W. Clark III, pro se.*

*Per Curiam.* By neglecting his professional duties in this matter, respondent caused harm to his clients. A lawyer is not required to serve every client who appears at his door, but once having agreed to represent a client, a lawyer must do so to the best of his ability. EC 6–4 of the Canons of the Code of Professional Responsibility explicitly states that "[h]aving undertaken representation, a lawyer should use proper care to safeguard the interests of his client. * * * [H]is obligation to his client requires him to prepare adequately for and give appropriate attention to his legal work." Our Disciplinary Rules require that a lawyer not intentionally fail to carry out his contract with his client or cause damage to the client.

A lawyer's claim to professional status and the privilege of exclusive access to the judicial process require that he be held to high standards. The intentional failure of any attorney to maintain the standards of the profession diminishes the status of all lawyers. Foremost among these standards are the duty to advance the client's cause within the bounds of the law and not to do the client harm. Respondent intentionally failed to meet these standards. We adopt the findings and recommendation of the board and suspend the respondent from the practice of law for two years, with the final eighteen months of the suspension stayed on the condition that respondent reimburse the Hunts within the six-month actual-suspension period for the sanctions imposed in the personal injury matter. Costs taxed to respondent.

*Judgment accordingly.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Stratton, JJ., concur.