OFFICE OF DISCIPLINARY COUNSEL v. TRUMBO.

[Cite as *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369.]

(No. 96–522—Submitted May 7, 1996—Decided August 21, 1996.)

*Geoffrey Stern,* Disciplinary Counsel, and *Lori J. Brown,* Assistant Disciplinary Counsel, for relator.

*George L. Forbes, Scott H. Schooler, Dennis N. LoConti* and *George W. Trumbo,* for respondent.

---

*Per Curiam.* The purpose of disciplinary actions, Lord Mansfield wrote in 1778, "is not by way of punishment; but the Courts on such cases exercise their discretion, whether a man whom they have formerly admitted, is a proper person to be continued on the roll or not." *Ex parte Brounsall* (1778), 2 Cowp. 829, 830, 98 Eng.Rep. 1385. The guiding principle in this case, as in all our disciplinary proceedings, is the public interest and an attorney's right to continue to practice a profession imbued with public trust. We have previously emphasized that

respect for the law and our legal system is the *sine qua non* of that right to continuance on the rolls. *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301. To that we add respect for our judicial officers and for fellow members of the bar. All our Disciplinary Rules and all our Ethical Considerations are founded on respect for the law, for the court system, for the judges, for counsel and, of course, for clients. We have looked unfavorably on attorneys who have lied to the courts, *Disciplinary Counsel v. Greene, supra, Disciplinary Counsel v. McCrae* (1996), 75 Ohio St.3d 511, 664 N.E.2d 523, and to their clients, *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, and responded with appropriate suspensions.

In this case respondent not only failed to represent her client, Keith, adequately, but also lied to Keith about her case, lied about opposing counsel, impugned the integrity of both opposing counsel and the judge, and lied to counsel charged with investigating her actions. Respondent failed also to represent adequately clients Hammett, Duden, Gill and Foster and lied also to them about the status of their cases. Respondent also lied to Disciplinary Counsel charged with the investigation of the Duden and Gill complaints. Moreover, in the course of conversation with Hammett, respondent made disparaging remarks about her client, Keith.

Respondent's pattern of conduct in this case, continually lying to her clients, lying to the court, and lying to Disciplinary Counsel in the attempt to investigate her actions, leads us to the conclusion that respondent is not, at this time, a proper person to be continued on the rolls of those counsel privileged to practice law in the state of Ohio.

Without in the least discounting the harm that respondent has caused her clients, it appears to us that respondent requires rehabilitation as much or more than discipline. The recommendation of the board that the respondent be suspended for two years with one year stayed and that, in addition, respondent be placed on probation with an assigned mentor, is inappropriate. Instead, we intend to provide respondent with as little or as much time as she requires to rehabilitate herself to the point where she can once more resume her commitment to the bench and bar and people of Ohio. Accordingly, we impose upon respondent an indefinite suspension from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., BOWMAN, PFEIFER, P. BRYANT and STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent and would follow the recommendation of the board.

Donna Bowman, J., of the Tenth Appellate District, sitting for Resnick, J.

Peggy Bryant, J., of the Tenth Appellate District, sitting for Cook, J.