[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 363.]

COLUMBUS BAR ASSOCIATION *v.* CLARK.

[Cite as *Columbus Bar Assn. v. Clark*, 1996-Ohio-385.]

*Attorneys at law—Misconduct—Two-year suspension with final eighteen months of suspension stayed on condition of reimbursement to clients within six-month actual-suspension period—Engaging in conduct adversely reflecting on fitness to practice law—Failing to carry out contract of employment—Prejudicing or damaging a client during course of representation—Failing to cooperate during an investigation.*

(No. 96-432—Submitted May 1, 1996—Decided August 21, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-69.

_____

{¶ 1} On August 7, 1995, the Columbus Bar Association, relator, filed a complaint charging respondent, John W. Clark III of Columbus, Ohio, Attorney Registration No. 0030747, with violating five Disciplinary Rules: DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglecting a legal matter entrusted), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment), and 7-101(A)(3) (prejudicing or damaging a client during the course of representation). Respondent filed an answer denying any allegations of misconduct, and the matter was heard upon an agreed stipulation before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on November 22, 1995.

{¶ 2} The facts as adduced at the hearing show that in May 1990, respondent undertook to represent Berna K. Hunt, her husband, Gerald E. Hunt, Jr., and their son, Gerald E. Hunt III, for injuries the son received as a result of a

skateboarding accident in September 1989. After respondent filed suit on behalf of the Hunts in September 1991, he made one unsuccessful telephone attempt to contact his clients regarding the defendant's notice to depose Gerald Hunt III. Respondent never contacted the Hunts in writing. Respondent neither attended the deposition nor communicated with opposing counsel. Respondent did not respond to or inform his clients of the defendants' "Motion for Dismissal and/or Other Sanctions." Respondent also did not notify his clients of a court-scheduled settlement conference, and he did not appear himself or contact the court or opposing counsel. After the respondent failed to respond to the defendant's supplemental motion to dismiss and to an order to show cause, the court dismissed the Hunts' case with prejudice and assessed attorney fees and costs against them. Respondent made no attempt to reimburse the Hunts for these assessments.

{¶ 3} While respondent did appear for a deposition in response to relator's subpoena in this disciplinary action, he did not formally respond to the relator's complaint until November 22, 1995, the day of the panel hearing.

{¶ 4} The panel concluded that respondent had violated DR 1-102(A)(6), 7-101(A)(2), 7-101(A)(3), and Gov. Bar R. V(4)(G) (failing to cooperate during an investigation). The panel recommended that respondent be suspended from the practice of law for two years, six months of actual suspension followed by eighteen months of probation, and that respondent be required to reimburse the Hunts for the sanctions imposed on them. The board adopted the panel's findings of fact, conclusions of law and recommendation, and further recommended that the costs of the proceedings be taxed to the respondent.

_____

*Bruce Campbell* and *Michael Becker,* for relator.

*John W. Clark III, pro se.*

_____

***Per Curiam.***

{¶ 5} By neglecting his professional duties in this matter, respondent caused harm to his clients. A lawyer is not required to serve every client who appears at his door, but once having agreed to represent a client, a lawyer must do so to the best of his ability. EC 6-4 of the Canons of the Code of Professional Responsibility explicitly states that "[h]aving undertaken representation, a lawyer should use proper care to safeguard the interests of his client. *** [H]is obligation to his client requires him to prepare adequately for and give appropriate attention to his legal work." Our Disciplinary Rules require that a lawyer not intentionally fail to carry out his contract with his client or cause damage to the client.

{¶ 6} A lawyer's claim to professional status and the privilege of exclusive access to the judicial process require that he be held to high standards. The intentional failure of any attorney to maintain the standards of the profession diminishes the status of all lawyers. Foremost among these standards are the duty to advance the client's cause within the bounds of the law and not to do the client harm. Respondent intentionally failed to meet these standards. We adopt the findings and recommendation of the board and suspend the respondent from the practice of law for two years, with the final eighteen months of the suspension stayed on the condition that respondent reimburse the Hunts within the six-month actual-suspension period for the sanctions imposed in the personal injury matter. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____