CINCINNATI BAR ASSOCIATION ET AL. *v.* HATFIELD.

[Cite as *Cincinnati Bar Assn. v. Hatfield* (1997), 77 Ohio St.3d 231.]

(No. 96–1966—Submitted October 16, 1996—Decided January 15, 1997.)

232

*Barbara Knotts Barden* and *Frederick Orin Kiel,* for relator Cincinnati Bar Association.

*Bennett Alan Manning* and *Dennis Lee Wittman,* for relator Butler County Bar Association.

---

*Per Curiam.* We have previously said that our Disciplinary Rules require that a lawyer not intentionally fail to carry out his contract with his client or cause damage to the client. *Columbus Bar Assn. v. Clark* (1996), 76 Ohio St.3d 363, 365, 667 N.E.2d 1182, 1183. For that reason we have indefinitely suspended lawyers who have lied to their clients and deceived them into believing that their interests were being attended to when they were not. *Disciplinary Counsel v.*

*Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186. In *Cincinnati Bar Assn. v. Altekruse* (1994), 69 Ohio St.3d 266, 631 N.E.2d 612, we indefinitely suspended an attorney who, after receiving a retainer, failed to file a bankruptcy petition, but informed his client that the petition had been filed. An even more severe punishment of disbarment was the appropriate sanction for the misappropriation of client funds in *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 645, 665 N.E.2d 675, 676.

In this case respondent misappropriated client funds, falsely told his clients that he had filed actions on their behalf, and intentionally settled matters against his clients' express instructions.

The board has recommended an indefinite suspension in this case with reinstatement conditioned upon restitution to Diers, the estate of Wages,[1] Wheale, and Jurkowitz. We adopt the findings and conclusions of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio with reinstatement conditioned upon proof that respondent has made restitution in the following amounts, with interest at the judgment rate:

| | |
|---|---|
| Kristina Diers | $585 |
| John Wheale and Pauline Jurkowitz | $146.50 |
| Estate of Ronald P. Wages | $700 |

Costs and expenses of this proceeding are hereby taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

---

1. It appears from the record that Ronald P. Wages is now deceased.