**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 231.]**

CINCINNATI BAR ASSOCIATION ET AL. *v.* HATFIELD.

**[Cite as Cincinnati Bar Assn. v. Hatfield, 1997-Ohio-53.]**

*Attorneys at law—Misconduct—Indefinite suspension with reinstatement conditioned on proof of restitution to clients—Misappropriating client funds, falsely telling clients that actions had been filed on their behalf, and intentionally settling matters against clients' express instructions.*

(No. 96-1966—Submitted October 16, 1996—Decided January 15, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 95-11 and 95-29.

———————————

{¶ 1} On February 6, 1995, the Cincinnati Bar Association (one of the "relators") filed a complaint against William J. Hatfield of Fairfield, Ohio, Attorney Registration No. 0037989 ("respondent"), charging him with failing to file a bankruptcy case for Kristina Diers after receiving $585 for attorney fees and costs. Hatfield was alleged to have deposited and commingled these funds with his personal funds and then to have given Diers a refund check which was twice returned for insufficient funds. The relator charged that respondent violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him), 7-101(A)(1), (2) and (3) (failing to seek the lawful objectives of a client, failing to carry out a contract of employment and prejudicing a client), 9-102(A) (failing to preserve the identity of a client's funds), and 9-102(B)(4) (failing to promptly pay and deliver client funds in his possession).

{¶ 2} On March 7, 1995, the Butler County Bar Association (another of "relators") filed a complaint against respondent charging that on December 30, 1993, against the specific instructions of his clients, John E. Wheale and Pauline M. Jurkowitz, respondent signed a settlement document on their behalf with

General Motors, cashed the settlement check, deposited the proceeds in his trust account, subtracted his attorney fees, and paid the balance to Wheale and Jurkowitz, all in violation of DR 7-101(A)(1) (failing to seek the lawful objectives of a client), and 7-101(A)(3) (prejudicing or damaging a client). In the same complaint, the relator charged that respondent received from Wheale a check in the amount of $245 for the filing fee in the above case. The actual filing fee was $98.50. Respondent retained and did not return the excess $146.50 to Wheale in violation of DR 9-102(B)(1) (promptly notifying a client of the receipt of funds) and 9-102(B)(3) (failure to maintain records and failure to account to a client). Relator in the same complaint charged that on May 6, 1994 respondent received $700 from Ronald P. Wages as a fee for filing a bankruptcy, then closed his office and failed to inform Wages. Later he falsely told Wages that the case had been filed. Respondent neither filed the bankruptcy nor returned the money to Wages, in violation of DR 7-101(A)(2) (failing to carry out a contract of employment). Finally, the relator charged that respondent violated Gov.Bar R. V(4)(G) (failure to cooperate in a disciplinary investigation), by failing to respond when Wages filed a complaint against respondent for his failure to file the bankruptcy.

{¶ 3} On relators' motion, the two cases were consolidated in September 1995. After several attempts, respondent was finally served with the complaints in Montgomery, Ohio. Respondent failed to answer either complaint, and in November 1995, relators filed a motion for default.

{¶ 4} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that respondent violated DR 6-101(A)(3), 7-101(A)(2) and (3), 9-102(A), and 9-102(B)(4) with respect to the Diers matter. The panel also found that respondent violated DR 7-101(A)(1) and (3), and 9-102(B)(1) with respect to the Wheale and Jurkowitz matter and violated 7-101(A)(2) in the Wages matter. The panel did not find a violation of Gov.Bar R. V(4)(G) for failure to answer the Wages complaint.

**{¶ 5}** The panel recommended that respondent be indefinitely suspended from the practice of law and that as a condition of reinstatement he make full restitution to Diers, Wheale, and Wages. The board adopted the panel's findings and recommendations.

_____

*Barbara Knotts Barden* and *Frederick Orin Kiel,* for relator Cincinnati Bar Association.

*Bennett Alan Manning* and *Dennis Lee Wittman,* for relator Butler County Bar Association.

_____

***Per Curiam.***

**{¶ 6}** We have previously said that our Disciplinary Rules require that a lawyer not intentionally fail to carry out his contract with his client or cause damage to the client. *Columbus Bar Assn. v. Clark* (1996), 76 Ohio St.3d 363, 365, 667 N.E.2d 1182, 1183. For that reason we have indefinitely suspended lawyers who have lied to their clients and deceived them into believing that their interests were being attended to when they were not. *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186. In *Cincinnati Bar Assn. v. Altekruse* (1994), 69 Ohio St.3d 266, 631 N.E.2d 612, we indefinitely suspended an attorney who, after receiving a retainer, failed to file a bankruptcy petition, but informed his client that the petition had been filed. An even more severe punishment of disbarment was the appropriate sanction for the misappropriation of client funds in *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 645, 665 N.E.2d 675, 676.

**{¶ 7}** In this case respondent misappropriated client funds, falsely told his clients that he had filed actions on their behalf, and intentionally settled matters against his clients' express instructions.

**{¶ 8}** The board has recommended an indefinite suspension in this case with reinstatement conditioned upon restitution to Diers, the estate of Wages,[1] Wheale and Jurkowitz. We adopt the findings and conclusions of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio with reinstatement conditioned upon proof that respondent has made restitution in the following amounts, with interest at the judgment rate:

| | |
|---|---|
| Kristina Diers | $585 |
| John Wheale and Pauline Jurkowitz | $146.50 |
| Estate of Ronald P. Wages | $700 |

**{¶ 9}** Costs and expenses of this proceeding are hereby taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____

1. It appears from the record that Ronald P. Wages is now deceased.