COLUMBUS BAR ASSOCIATION *v.* FLANAGAN.

[Cite as *Columbus Bar Assn. v. Flanagan* (1997), 77 Ohio St.3d 381.]

(No. 96–1992—Submitted October 16, 1996—Decided February 5, 1997.)

382

*Bruce A. Campbell* and *Robert W. Sauter,* for relator.

*Charles W. Kettlewell,* for respondent.

---

*Per Curiam.* Count one of relator's complaint charges that respondent failed to provide adequate representation to the Smiths. The primary functions of a lawyer are counseling and advocacy. In this case the respondent failed to perform either task.

The counseling of a client in financial matters, particularly about his or her choice of remedies under the Bankruptcy Code or whether a bankruptcy proceeding can be avoided, is a serious matter that deserves the attention of a qualified attorney. Such counseling would involve, among other things, the effect of an insolvency proceeding on the client's credit rating, the relative advantages of the Chapter 7 and Chapter 13 remedies, the election to retain, surrender, or redeem property, the dischargeability of and the reaffirmation of debts, the applicability of Ohio's exemption laws, R.C. 2329.66 *et seq.,* the avoidance of liens which interfere with exemptions, the recovery of property which may have been transferred, and the tax effects of a filing.

In this case such counseling and advice were left to an untrained employee who characterized herself as a legal assistant. The Chapter 13 plan, which in some cases should be individually crafted to meet the specific needs of the client, was drafted in this case by the employee. The bankruptcy statement of financial affairs contains words of art, such as "transfers," "insider," and "ordinary course of the business," which the courts constantly define and redefine and which should be analyzed and explained by an attorney in relation to the client's case. In this case an untrained employee prepared and explained the document without the supervision or assistance of an attorney. Finally, we note that respondent's handwritten name followed by "AD" appears on the originally filed documents, including the bankruptcy petition, the compensation statement, and the Chapter 13 plan. Fed.R.Bankr.P. 9011 provides in part, as does our Civ.R. 11, that the signature of an attorney on a document means, among other things, that he has read the document. Respondent neither read nor reviewed the documents.

We expect that even in a high-volume practice where an assistant might prepare some forms, an attorney, such as respondent, would at least interview and counsel his clients before a course of action was chosen and the documents drafted. We also expect that he would appear at the meeting of creditors as an advocate for his clients. In this case respondent not only did not counsel the

Smiths or review their documents, he also did not appear to represent them at their meeting with the trustee and their creditors. In fact, respondent did not meet these clients until a hearing on sanctions against him was held eight months after the bankruptcy case was filed.

We find respondent's actions totally unprofessional and an abdication of his duty to his clients. We adopt the board's finding that respondent violated DR 1–102(A)(6) and 6–101(A)(3).

Count two of the complaint is directed to respondent's initial receipt of $360 from the Smiths, which he deposited in his general account. Relator alleged that respondent regularly failed to deposit fees into an established IOLTA account and so violated DR 9–102 in failing to preserve the identity of funds and property of a client. The board found on this count that respondent violated DR 9–102(A)(2) because "[f]unds belonging in part to a client and in part to the lawyer * * * must be deposited therein [IOLTA account] based upon the fact that the initial payment received was for both payment of court costs and fees." "Court costs" said the board, "were required to be deposited in an IOLTA account and not in the Respondent's operating account."

We find that the board is in error. DR 9–102(A) provides that "[a]ll funds of clients paid to a lawyer * * * *other than advances for costs and expenses,* shall be deposited in one or more identifiable bank accounts * * * and no funds belonging to the lawyer * * * shall be deposited therein * * *." (Emphasis added.) Therefore, under this Disciplinary Rule, the $160 portion of the initial sum relating to court costs should not have been deposited in a client trust account. Respondent's office was not in error in depositing that money in respondent's general account.

Since respondent has already been sanctioned by the bankruptcy court, we agree that a public reprimand alone is appropriate as recommended by the board. We adopt that recommendation and respondent is so reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.