DAYTON BAR ASSOCIATION *v.* ANDREWS.

[Cite as *Dayton Bar Assn. v. Andrews* (1997), 79 Ohio St.3d 109.]

(No. 96–2807—Submitted March 19, 1997—Decided June 25, 1997.)

*Mary L. Wiseman,* for relator.

*Ronnie L. Wingate,* for respondent.

---

*Per Curiam.* As we noted in *Columbus Bar Assn. v. Flanagan* (1997), 77 Ohio St.3d 381, 383, 674 N.E.2d 681, 683, "[t]he counseling of a client in financial matters, particularly about his or her choice of remedies under the Bankruptcy Code and whether a bankruptcy proceeding can be avoided, is a serious matter that deserves the attention of a qualified attorney." If the attorney cannot or will not give this matter his necessary attention, or is not qualified to handle the matter he undertakes, he violates our Disciplinary Rules.

Respondent received fees from four clients on four separate occasions to handle bankruptcy matters. He failed to file two of the cases, with the result in one case that the client's automobile was repossessed, his wages were garnished three times, and his wife's bank account was attached. In another case, respondent failed to file a Chapter 13 plan, which normally should have been filed with the Chapter 13 bankruptcy petition or within fifteen days thereafter. Fed. R.Bankr.P. 3015(b). All three of these matters indicate a clear neglect of entrusted legal matters.

In the Washington case, the respondent failed to file a motion for a hardship discharge of his client's student loans, nor did he advise her that a hardship discharge was extremely unlikely.

In each of these four cases, respondent failed to give necessary attention to his clients' problems. We have previously found that neglect of client matters warrants suspension. *Columbus Bar Assn. v. Clark* (1996), 76 Ohio St.3d 363, 667 N.E.2d 1182; *Disciplinary Counsel v. Crowley* (1996), 76 Ohio St.3d 365, 667 N.E.2d 1183. Moreover, respondent lied to his clients, leading them to believe he had taken appropriate action on their behalf, and he failed to return fees to the clients for work he had not performed. Such activity has also warranted suspension with reinstatement conditioned upon restitution. *Cincinnati Bar Assn. v. Hatfield* (1997), 77 Ohio St.3d 231, 673 N.E.2d 1268. To respondent's credit, he terminated his legal practice when he realized, albeit belatedly, that he was no longer capable of providing effective representation.

We adopt the findings, conclusions, and recommendations of the board. Respondent is hereby suspended from the practice of law for one year. As conditions to reinstatement, respondent shall, in addition to the conditions of Gov. Bar R. V(10)(A), demonstrate that within sixty days of the date of this order he has made restitution of $410 to the Henrys, $514 to the Hardys, $515 to Lowrie, and $425 to Washington, that he has continued psychological counseling or therapy up to and until his readmission and that his readmission has been recommended by a mental health professional acceptable to relator. In addition, relator shall have the authority to obtain an independent examination of respon-

dent's psychological fitness to practice law and relator shall monitor respondent's practice for twelve months after readmission. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.