[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 389.]

CINCINNATI BAR ASSOCIATION *v*. HARVEY.

[Cite as *Cincinnati Bar Assn. v. Harvey*, 1997-Ohio-306.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to perform legal services for which attorney has been engaged and then lying to client about status of the case—Lying and attempting to mislead bar association in its investigation of misconduct.*

(No. 97-811—Submitted June 11, 1997—Decided September 24, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-31.

—————————

{¶ 1} In June 1993, George Burns retained respondent, Willard L. Harvey of Cincinnati, Ohio, Attorney Registration No. 0046863, to represent him in an age-discrimination case. After being engaged, respondent not only failed to maintain communication with Burns, but he also led Burns to believe that a lawsuit had been filed on his behalf, when, in fact, respondent had taken no action whatsoever. Respondent also requested Burns to appear for depositions which he had not scheduled, and then he informed Burns at the last minute that they had been cancelled by opposing counsel. In March 1995, respondent falsely advised relator, Cincinnati Bar Association, that he had filed a lawsuit for Burns. When respondent left the law firm at which he was practicing, he failed to advise Burns of his departure and failed to advise anyone at the firm of the status of his cases.

{¶ 2} On April 15, 1996, relator filed a complaint charging that respondent, by his actions, had violated several Disciplinary Rules, and, additionally, that respondent had neither currently registered as an attorney in Ohio nor completed required continuing legal education courses. After respondent was served with the

complaint and failed to answer or otherwise plead, relator moved for a default judgment.

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found the facts as alleged by relator to be uncontroverted and concluded that respondent had violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), 7-102(A)(5) (knowingly making false statements of law or fact), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment), 7-101(A)(3) (prejudicing or damaging a client during the course of a professional relationship), 2-110(A)(2) (withdrawing from employment without taking steps to protect the client), 3-101(B) (practicing law in violation of the regulations of the profession in that jurisdiction), Gov.Bar R. VI(1) (duty to biennially file a certificate of registration and pay a registration fee) and X(3)(A) (duty to complete a certain number of hours of continuing legal education over a two-year period). The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Peter Rosenwald* and *Barbara K. Barden,* for relator.

———————————

**Per Curiam.**

{¶ 4} We adopt the findings and conclusions of the board. An attorney's failure to perform legal services for which he has been engaged and then lying to a client about the status of the case has warranted suspension. *Dayton Bar Assn. v. Andrews* (1997), 79 Ohio St.3d 109, 679 N.E.2d 1093; *Disciplinary Counsel v. Crowley* (1996), 76 Ohio St.3d 365, 667 N.E.2d 1183; *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186. In this case respondent

compounded his neglect of a client by lying and attempting to mislead relator in its investigation. Unlike *Andrews, Crowley*, and *Trumbo*, we find no mitigating circumstances here. We hereby indefinitely suspend respondent from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————