**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 79.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. JOHNSON.

[Cite as *Disciplinary Counsel v. Johnson*, 1998-Ohio-449.]

*Attorneys at law—Misconduct—One-year suspension—Conduct involving dishonesty, fraud, deceit, or misrepresentation—Failing to carry out contract of employment—Neglect of an entrusted legal matter.*

(No. 97-1754—Submitted October 20, 1997—Decided February 18, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-35.

———————————

{¶ 1} On April 14, 1997, relator, Office of Disciplinary Counsel of the Supreme Court, filed a complaint alleging that after respondent, Inza E. Johnson of Wilmington, Ohio, Attorney Registration No. 0040642, undertook to represent Lisa Franco in a wrongful termination and discrimination claim against Franco's former employer, respondent failed to file Franco's complaint as promised. Nevertheless, alleged relator, respondent continually assured Franco that the complaint had been filed. Later, respondent misrepresented to Franco that the defendant was attempting to file a late answer. Franco discovered respondent's deception and filed a grievance with relator. Relator charged that respondent's false statements and her failure to act violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 7-101(A)(2) (failing to carry out a contract of employment), and 6-101(A)(3) (neglecting an entrusted legal matter).

{¶ 2} When respondent did not answer the complaint, relator filed a motion for default and attached to it an affidavit by Franco and a letter of response to Franco's grievance filed by respondent. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

**{¶ 3}** The panel found the facts as alleged, concluded that respondent had violated DR 1-102(A)(4), 7-101(A)(2), and 6-101(A)(3), and recommended that respondent be suspended from the practice of law for one year. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, *Alvin E. Mathews, Jr.*, and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

———————————

*Per Curiam.*

**{¶ 4}** Having reviewed the record, we concur in the board's findings, conclusions, and recommendation. As we said in *Columbus Bar Assn. v. Clark* (1996), 76 Ohio St.3d 363, 365, 667 N.E.2d 1182, 1183, "A lawyer is not required to serve every client who appears at his door, but once having agreed to represent a client, a lawyer must do so to the best of his ability." Earlier we said in *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301 that this court "cannot permit attorneys who lie either to their clients or to the court to continue practicing without interruption." Therefore, we hereby suspend respondent from the practice of law for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————