OFFICE OF DISCIPLINARY COUNSEL v. WEST.

[Cite as *Disciplinary Counsel v. West* (1999), 85 Ohio St.3d 5.]

(No. 98–2262—Submitted December 16, 1998—Decided March 3, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, for relator.

*Patrick A.T. West, pro se.*

---

***Per Curiam.*** We adopt the board's findings of fact and conclusions of law. Respect for the law and for judicial officers who interpret and apply the law is the *sine qua non* of an attorney's right to continue to practice law in Ohio. *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 372, 667 N.E.2d 1186, 1188–1189. An attorney who publicly criticizes a judge "should be certain of the merit of [the] complaint, use appropriate language, and avoid petty criticisms, for

unrestrained and intemperate statements tend to lessen public confidence in our legal system." EC 8–6.

Here, respondent's conduct in knowingly making a false accusation against a judge violated DR 8–102(B). Because this conduct undermines the integrity of the judicial system, a suspension is an appropriate penalty. See *Columbus Bar Assn. v. Hartwell* (1988), 35 Ohio St.3d 258, 260, 520 N.E.2d 226, 227. We therefore adopt the board's recommendation. Respondent is suspended from the practice of law in Ohio for eighteen months, with twelve months stayed provided that he continue his psychiatric treatment and submit to monitoring by the Columbus Bar Association. In addition, before being permitted to resume practicing law in Ohio, respondent must submit evidence to the court that his treatment enables him to properly and effectively practice law. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., not participating.