**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1238.]**

**DAYTON BAR ASSOCIATION *v*. ANDREWS.**

**[Cite as *Dayton Bar Assn. v. Andrews*, 2000-Ohio-363.]**

(No. 96-2807—Submitted and decided April 18, 2000.)

ON APPLICATION FOR REINSTATEMENT.

———————————

**{¶ 1}** This cause came on for further consideration upon the filing of an application for reinstatement on December 30, 1999, by respondent Charles G. Andrews, a.k.a. Charles Granall Andrews, and the report by relator, Dayton Bar Association, filed March 17, 2000.

**{¶ 2}** The court coming now to consider its order of June 25, 1997, wherein pursuant to Gov.Bar R. V(6)(B)(3), the court suspended respondent for one year, with conditions imposed on his reinstatement, finds that respondent has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A).

**{¶ 3}** THEREFORE, IT IS ORDERED by the court that respondent Charles G. Andrews, a.k.a. Charles Granall Andrews, Attorney Registration No. 0037476, last known address in Toledo, Ohio, be reinstated to the practice of law and that he be placed on probation for one year in accordance with Gov.Bar R. V(9). It is further ordered, *sua sponte*, that the Toledo Bar Association monitor respondent in accordance with Gov.Bar R. V(9). It is further ordered, *sua sponte*, that on or before thirty days from the date of this order, the Toledo Bar Association file with the Clerk of this court the name of the attorney who will serve as respondent's monitor in accordance with Gov.Bar R. V(9).

**{¶ 4}** It is further ordered that at the end of respondent's probationary period, the Toledo Bar Association file with the Clerk of this court a report

indicating whether respondent, during his probationary period, complied with the terms of the probation.

{¶ 5} It is further ordered that at the end of the probationary period, respondent may apply for termination of probation as provided in Gov.Bar R. V(9). It is further ordered that respondent's probation shall not be terminated and respondent shall not be reinstated to the practice of law until (1) respondent files an application for termination of probation in compliance with Gov.Bar R. V(9)(D); (2) respondent complies with this and all other orders issued by this court; (3) respondent complies with the Rules for the Government of the Bar of Ohio; (4) the Toledo Bar Association files with the Clerk of this court a report indicating that respondent complied with the terms of the probation; and (5) this court orders that the probation be terminated and respondent reinstated to the practice of law.

{¶ 6} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

{¶ 7} For earlier case, see *Dayton Bar Assn. v. Andrews* (1997), 79 Ohio St.3d 109, 679 N.E.2d 1093.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____