**In re ICLNDS NOTES ACQUISITION, LLC, Debtor.**

**No. 00–16695.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Feb. 16, 2001.

---

Derrick Rippy, Office of the U.S. Trustee, Cleveland, OH, for United States Trustee.

## MEMORANDUM OF OPINION

PAT E. MORGENSTERN-CLARREN, Bankruptcy Judge.

The issue in this case is whether the Debtor, a limited liability company, may file a bankruptcy petition without legal representation. The Court concludes that while such an entity is eligible for protection under the Bankruptcy Code, it may appear only through an attorney. A lay person who prepares and files a bankruptcy petition and schedules on behalf of a limited liability company is engaging in the unauthorized practice of law. As the petition and schedules in this case were filed by a lay person, and because the Debtor has not filed an application to employ counsel, the case will be dismissed.

### I.

A voluntary petition and schedules were filed under Chapter 7 of the Bankruptcy Code in the name of ICLNDS Notes Acquisition, LLC. The Debtor is listed on the petition as a limited liability company with an Ohio charter number. The petition is signed by David Bruno both as "Manager" of the Debtor and as the non-attorney petition preparer under 11 U.S.C. § 110. The Debtor has not filed an application to employ an attorney.

The United States Trustee moved to dismiss the petition on the grounds that a limited liability company may not appear in court *pro se* and that Mr. Bruno had engaged in the unauthorized practice of law by filing the petition. (Docket 5). The Debtor and Mr. Bruno did not respond to the motion and did not appear at the hearing.

### II.

■ To be eligible for relief under the Bankruptcy Code, the debtor must be a person or a municipality. 11 U.S.C.

§§ 101(13) and 109(a). The definition of "person" includes individuals, corporations, and partnerships. 11 U.S.C. § 101(41). There is no specific reference in the Code to a limited liability company. Under the rules of construction applicable to the Code, however, the use of the term "includes" is not limiting. 11 U.S.C. § 102(3). In other words, individuals, corporations and partnerships are clearly eligible for relief, but other similar entities are as well.

A limited liability company ("LLC") is a relatively new form of doing business that is created and defined by state law. The first such law was enacted in Wyoming in 1977, with the majority of states having followed suit by 1996. *Limited Liability Companies and Bankruptcy*, 937 PLI Corporate Law and Practice Course Handbook Series, April–May 1996, at p. 753, n. 6. The Ohio LLC law is set out in Ohio Revised Code Chapter 1705. The answer to whether an LLC is eligible to be a debtor is found by reference to that statute.

■ Ohio law provides that an LLC may be formed for any lawful purpose. Ohio Rev.Code § 1705.02 (West 2000). The LLC is made up of owners who are called members. Management of the LLC is vested in the members in proportion to their capital contributions, unless they have a written agreement to the contrary. Ohio Rev.Code §§ 1705.09, 1705.14, and 1705.24 (West 2000). The members and managers are not personally liable for the LLC's debts solely by reason of being members or managers. Ohio Rev.Code § 1705.48 (West 2000).

■ Under Ohio law, as elsewhere, an LLC is neither a corporation nor a partnership, as those concepts are commonly understood. Instead, an LLC is a hybrid in that it:

is a form of legal entity that has attributes of both a corporation and a partnership but is not formally characterized as either one. Generally, an LLC offers all of its members, including any member-

manager, limited liability as if they were shareholders of a corporation but treats the entity and its members as a partnership for tax purposes.

*Broyhill v. DeLuca (In re DeLuca),* 194 B.R. 65, 71 (Bankr.E.D.Va.1996) (quoting Thomas F. Blakemore, *Limited Liability Companies and the Bankruptcy Code: A Technical Overview,* 13 Am. Bankr.Inst. J. 12 (1994)). See also Jason C. Blackford, BLACKFORD BUSINESS ORGANIZATIONS § 3.10 (1992). As corporations and partnerships are eligible to be debtors, and because an LLC draws its character from both of those forms of doing business, an LLC is similar enough to those entities that it also comes within the definition of "person" and is eligible for protection under the Code.

### III.

Given that an LLC is eligible to be a debtor, the second issue is whether it may appear in court through a manager who is not an attorney or must, instead, be represented by counsel. The United States Trustee has not cited any cases directly on point and the Court has not found any authority directly addressing whether an LLC may appear *pro se.*

 Individuals who are parties to federal proceedings have the right to represent themselves personally without a lawyer. 28 U.S.C. § 1654. That right does not extend to permit them to represent other people or entities because by doing so they would be engaging in the unauthorized practice of law. The general rule is that corporations, which are artificial entities, may only appear in court through an attorney. Again, a non-lawyer representing a corporation in court is engaging in the unauthorized practice of law under the vast majority of the case law.

As the United States Supreme Court has stated: "[i]t has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony,* 506 U.S. 194, 201–202, 113 S.Ct. 716, 121

L.Ed.2d 656 (1993) (discussing the issue in the context of whether an organization of prison inmates was a "person" entitled to proceed in forma pauperis under 28 U.S.C. § 1915). See also *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney").

The Ohio Supreme Court, which has adopted a similar rule, explained its purpose:

Litigation must be projected through the courts according to established practice by lawyers who are of high character, skilled in the profession, dedicated to the interest of their clients, and in the spirit of public service. In the orderly process of the administration of justice, any retreat from those principles would be a disservice to the public. To allow a corporation to maintain litigation and appear in court represented by corporate officers or agents only would lay open the gates to the practice of law for entry to those corporate officers or agents who have not been qualified to practice law and are not amenable to the general discipline of the court.

*Union Savings Ass'n v. Home Owners Aid, Inc.,* 23 Ohio St.2d 60, 64, 262 N.E.2d 558, 561 (1970) (corporation is an artificial person created by the legislature and is not entitled to appear in court through a non-lawyer agent). See also *Palmer v. Westmeyer,* 48 Ohio App.3d 296, 549 N.E.2d 1202 (Ohio Ct.App.1988) (corporate officer who is not a lawyer may not maintain *pro se* litigation on behalf of corporation); *National Indep. Theatre Exhibitors, Inc. v. Buena Vista,* 748 F.2d 602 (11th Cir.1984) (the rule is intended to protect the courts and the public from "unscrupulous and irresponsible behavior" by persons who do not have legal training and who are not subject to the ethical standards that bind attorneys).

 Similar considerations apply to partnerships, and have led most courts to

conclude that a partnership may only appear in court through counsel. *California Men's Colony*, 506 U.S. at 217, 113 S.Ct. 716; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 (2d Cir.1991) ("[W]e are unable to perceive a palpable difference between the situation where a layperson is representing others having an interest in a corporation and the instant situation where a layperson wishes to represent other partners, general and limited.").

One case that reached a contrary conclusion in a bankruptcy context is *In re Holliday's Tax Servs., Inc.*, 417 F.Supp. 182 (E.D.N.Y.1976); *aff'd* 614 F.2d 1287 (2d Cir.1979) (unpublished table decision). There, the district court reviewed a bankruptcy court decision finding that a small, closely-held corporation could not be represented in its Chapter 11 by its sole shareholder. The district court reversed and held that the traditional rule prohibiting such activity was "unnecessarily harsh and unrealistic when applied in bankruptcy to small, closely-held corporations" that often cannot afford counsel. *Id.* at 184. Acting under its inherent power to supervise the proper administration of justice, the court permitted the shareholder to represent the corporation. The Supreme Court noted in *California Men's Colony*, however, that this case does not follow federal precedent and has not itself been followed. *California Men's Colony*, 506 U.S. at 202, n. 5, 113 S.Ct. 716. This Court declines to follow it as well.

 Logically, given that an LLC has some of the attributes of a corporation and some of a partnership, an LLC should be governed on this issue by the same rules that apply to those entities. Thus, whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney. Consequently, the Debtor may not be represented by Mr. Bruno in this case.

The Court would ordinarily grant an additional period of time for the Debtor to obtain legal counsel. Here, however, the Debtor did not respond to the Motion to Dismiss and has not filed an application to employ counsel. Despite being on notice of the problem, the Debtor has in no way addressed it. Under these circumstances, further delay is not appropriate and the case will be dismissed.

## IV.

 There is an additional reason why this case should be dismissed and that is because Mr. Bruno engaged in the unauthorized practice of law when he prepared and filed the petition and schedules. The practice of law includes commencing an action or proceeding in which the person is not a party. Ohio Rev.Code § 4705.01 (West 2000).[1] A bankruptcy case is commenced by the filing of a petition. An individual who prepares and files a petition other than in his or her own name is commencing a bankruptcy case for another, which is the practice of law.

 The practice of law also includes counseling clients on financial matters in connection with bankruptcy issues. *Columbus Bar Assoc. v. Flanagan*, 77 Ohio St.3d 381, 674 N.E.2d 681 (1997). For example, the overall decision as to whether an LLC would benefit from a bankruptcy filing certainly requires knowledge of the bankruptcy laws and the ability to apply them to the particular facts at hand. The decision as to which chapter of the Bankruptcy Code in particular is best suited to an LLC's needs similarly requires a legal analysis. Preparing the schedules correctly also requires legal knowledge. In sum, "[b]ankruptcy documents simply cannot be prepared without having to make legal decisions." *In re Guttierez*, 248 B.R. 287, 295 (Bankr. W.D.Tex.2000). *See also, Board of Education of Worthington v. Board of Revision*, 85 Ohio St.3d 156, 707 N.E.2d 499

1. The legislature created an exception for certain small claims matters, which exception is inapplicable to this discussion. Ohio Rev. Code § 1925.17 (West 2000).

(1999) (corporate vice-president who prepared, signed, and filed complaint engaged in the unauthorized practice of law).

The fact that Mr. Bruno also signed the petition as a non-lawyer bankruptcy petition preparer does not give him any protection from this conclusion. Bankruptcy Code § 110[2] permits a lay person to assist another person with ministerial acts such as typing a petition. It does not authorize a non-lawyer to give substantive advice and counsel about the bankruptcy process or otherwise to engage in the practice of law. *In re Walker*, 257 B.R. 493, (Bankr.N.D.Ohio 2001); *In re Guttierez* (holding that a non-lawyer petition preparer had overstepped the bounds of 11 U.S.C. § 110).

Similarly, Bankruptcy Rule 9010[3] does not expand a lay person's authority to appear in court on behalf of another. While the rule authorizes a debtor's agent to appear in a bankruptcy case and act in the debtor's behalf, it specifically limits that authority to acts not constituting the practice of law. The Advisory Committee Notes confirm that the rule "does not purport to change prior holdings prohibiting a corporation from appearing pro se."

Based on the above analysis, the Court concludes that a lay person who prepares a bankruptcy petition and schedules on behalf of an LLC is engaged in the unauthorized practice of law and a case commenced by the filing of such a petition is appropriately dismissed.

## V.

For the reasons stated, the United States Trustee's Motion to Dismiss this case will be granted. A separate judgment will be entered in accordance with this Memorandum of Opinion.

---

**2.** This section, titled "Penalty for persons who negligently or fraudulently prepare bankruptcy petitions," regulates the activities of non-lawyers who prepare bankruptcy petitions for compensation. 11 U.S.C. § 110.

**3.** Rule 9010, Representation and Appearances; Powers of Attorney

 (a) Authority to act personally or by attorney

A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court; and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.
Fed. R. Bankr.P. 9010(a).