OFFICE OF DISCIPLINARY COUNSEL *v.* KAFANTARIS.

[Cite as *Disciplinary Counsel v. Kafantaris,*
99 Ohio St.3d 94, 2003-Ohio-2477.]

(No. 2003–0381—Submitted April 16, 2003—Decided May 16, 2003.)

———————————

**Per Curiam.**

{¶ 1} On March 26, 2002, relator, Disciplinary Counsel, filed a complaint charging respondent, George Nicholas Kafantaris of Warren, Ohio, Attorney Registration No. 0009748, with several violations of the Code of Professional Responsibility. The respondent answered, admitting some facts and disputing others. On November 22, 2002, a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing. At the hearing, the parties submitted to the panel an agreed stipulation of facts, stipulated violations, stipulated exhibits, and a stipulated jointly recommended sanction of a suspension from the practice of law for 12 months, with six months stayed. Additionally, respondent testified, and three mitigation witnesses also testified on his behalf.

{¶ 2} The stipulations and evidence before the panel established that in May 1981, respondent was admitted to the practice of law in Ohio. In July 1999, Karen

Longstreth, a former employee of respondent, filed a civil action in common pleas court against respondent as well as a grievance with relator based on the same facts.

{¶ 3} In her civil complaint as amended, Longstreth alleged sexual harassment, intentional infliction of emotional distress, and battery. She specifically asserted that on October 20, 1998, respondent appeared unexpectedly at her home and "sexually assaulted" and "forcibly raped" her, behavior that she characterized as "intentional, non-consensual, sexually violent conduct."

{¶ 4} In August 1999, respondent answered the complaint and described his October 1998 visit to Longstreth's home but denied the allegations of sexual harassment, intentional infliction of emotional distress, and battery. Respondent specifically denied any physical contact with her.

{¶ 5} In October 1999, respondent testified in a deposition and denied that on the day in question "he kissed, had physical or sexual contact or intercourse with Longstreth in her apartment." Respondent also denied in his deposition that he "had ever had any type of sexual relationship" or "sexual contact with an employee."

{¶ 6} Subsequent DNA analysis established a match between respondent's blood and a semen stain on a skirt belonging to Longstreth. Thereafter, in March 2001, respondent filed a motion for a continuance in this civil action and signed an affidavit, appended to the motion, in which he continued to deny any sexual conduct with Longstreth. The trial court granted a brief continuance.

{¶ 7} During the trial, which started on April 30, 2001, another ex-employee of respondent testified that she had worked for respondent in 2000 and 2001, and also at times between 1994 and 1998. The witness testified to a sexual relationship with respondent during her employment.

{¶ 8} Thereafter, respondent testified at trial that he did have a consensual sexual relationship with the witness while she was an employee. Further, respondent admitted that certain denials he made in his pretrial deposition relating to kissing, physical contact, or sexual relations with employees were untrue. He additionally admitted that he had had "sex a couple of times" with a third employee. Respondent also testified that in October 1998, when he visited Longstreth at her home, they had had consensual sexual relations.

{¶ 9} After deliberation, the jury returned a verdict in favor of respondent on all counts of Longstreth's complaint. Thereafter, the trial court granted plaintiff's motion for a new trial and plaintiff's motion for attorney fees and expenses. The Court of Appeals for Trumbull County recently affirmed the trial court's judgment awarding plaintiff her attorney fees, expenses, and a new trial. *Long-*

*streth v. Kafantaris* (Feb. 24, 2003), Trumbull App. No. 2001–T–0111, 2003 WL 470213.

{¶ 10} Based on the evidence and the stipulated violations, the panel found that respondent's conduct violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), and DR 7–102(A)(3) (concealing or knowingly failing to disclose that which he is required by law to reveal).

{¶ 11} In mitigation, the panel noted and the parties stipulated that respondent had fully cooperated with relator throughout this matter. Further, respondent testified on his own behalf and described his history and background, including his arrival in this country as a young immigrant from Greece, the struggles he underwent in school not knowing English as a native language, and his efforts to become assimilated into American life. The panel noted that respondent was "very close to his four sons and embarrassed that they had to face this [issue] with their friends at church, at school and in the community. He said that he was 'overwhelmed by shame' " over the matter.

{¶ 12} A trial court judge, another attorney, and respondent's brother testified as character witnesses on respondent's behalf. Additionally, fellow lawyers and respondent's friends and relatives, in 20 separate letters submitted to the panel, attested to respondent's honesty, character, and reputation. The panel found that this evidence "spoke eloquently to the fact" that respondent "was a well respected, highly regarded attorney and respected member of the general community."

{¶ 13} The panel agreed with the sanction that was jointly recommended by the parties, namely, that respondent be suspended from the practice of law for twelve months, with six months stayed, and that respondent pay the costs of the proceeding. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 14} Based on the foregoing, we find that the suspension and partial stay recommended by the parties, the panel, and the board are appropriate. As we noted in *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 373, 667 N.E.2d 1186, "[R]espect for the law and our legal system is the *sine qua non* of [the] right to continuance on the rolls. * * * All our Disciplinary Rules and all our Ethical Considerations are founded on respect for the law, for the court system, for the judges, for counsel and, of course, for clients." Respondent lied in his answer to the complaint filed against him, in his deposition, and in an affidavit submitted to the trial court about his relationships with his employees. These lies warrant an actual suspension from the practice of law. Cf. *Trumbo*, 76 Ohio St.3d 369, 667 N.E.2d 1186 (continually lying to clients, lying to court, and to Disciplinary Counsel warranted indefinite suspension); *Medina Cty. Bar Assn. v.*

*Hendricks* (1994), 68 Ohio St.3d 566, 629 N.E.2d 429 (attorney misconduct in committing perjury, lying repeatedly to clients, and lying to bar association warrants two-year suspension, stayed with conditions).

{¶ 15} Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year, with six months of the suspension stayed on the conditions that respondent refrain from any acts in violation of the Code of Professional Responsibility and that respondent pay the costs of these disciplinary proceedings. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

MOYER, C.J., dissents.

---

**MOYER, C.J., dissenting.**

{¶ 16} I would suspend respondent for one year and would not stay any portion of the suspension.

---

Jonathan E. Coughlan, Disciplinary Counsel, for relator.

Geoffrey Stern and Irene K. Makrides, for respondent.