(Superior Court of Cincinnati.)
Special Term.
## STEPHENSON v. GILTENAU.

(1.) Whenever it becomes necessary to the due performance of his duties by a receiver of real estate, that he should have the actual possession of such real estate, a writ of assistance will issue in equity to put him into such possession.

(2.) Such writ will issue, not upon the application of the receiver, but only upon the application of a party to the cause.

----

(Superior Court of Cincinnati.)
Special Term.
## MARY JACOB v. CATHERINE FISCHER et al.

Where a defense is based upon a promise required by the statute of frauds to be in writing, the answer must show that such promise was in writing.

----

Heard on motion by plaintiff to require answer of defendants to be made more definite and certain by setting out whether promise set forth in said answer was oral or written.

----

(Superior Court of Cincinnati.)
General Term.
## ROSA STERMER v. THE CINCINNATI ST. RAILWAY CO., a corporation &c.

*Change of Venue—Essentials necessary to, under sec. 5033, Revised Statutes.*

(1.) The mere *belief* of the applicant is not the substantive fact to be established under sec. 5033; the essential fact is that applicant cannot have a fair and impartial trial in the county from which the change is sought.

(2.) This essential fact must be proven by the affidavits of the five supporting affiants; said affidavits must consist of statements of evidential facts, positively and unequivocally made.

(3.) Supporting affidavits which set forth only that affiants "believe that the applicant cannot have a fair and impartial trial", without any other evidential facts and circumstances, are not sufficient either in law or in fact to warrant a change of venue.

(4.) As to the discretion of the court in

determining the effect of the supporting affidavits, and as to impeaching the credibility of the supporting affiants, quaere?

DEMPSEY, J.

Plaintiff brought her action in the court below against defendant for damages arising from personal injuries sustained on and by one of defendant's electric cars. In this action defendant appeared and answered. On the first day of April, 1898, plaintiff filed her motion, or application, in her said action, whereby she prayed the court below to change the venue of said action to the county adjoining Hamilton county most convenient for plaintiff and defendant, pursuant to the provisions of sec. 5033 Revised Statutes of Ohio. In said application she alleges that the defendant was a corporation having more than fifty stockholders; that it keeps its principal business in said Hamilton county, in which county plaintiff's action is pending; that she has made affidavit that she cannot, as she believes, have a fair and impartial trial in said Hamilton county; that her application for change of venue has been sustained by the several affidavits of five credible persons residing in Hamilton county; and that she files with said application her own affidavit and the several affidavits of the said five credible persons, all pursuant to said sec. 5033 Revised Statutes. Plaintiff's own affidavit sets forth the fact that she is the plaintiff; that the defendant is a corporation and has more than fifty stockholders; that it keeps its principal office and transacts its principal business in Hamilton county, where her action is now pending; and that she cannot, as she believes, have a fair and impartial trial in said county. Accompanying plaintiff's affidavit are the separate affidavits of five individuals, the affiant in each affidavit deposing that he is a credible person; that he resides in said Hamilton county; that the said defendant is a corporation having more than fifty stockholders in said county; that said defendant keeps its principal office and transacts its principal business in said county, where plaintiff's action is now pending; and that "Rosa Stermer, the plaintiff in said action, cannot, as this affiant believes, have a fair and impartial trial in said action in the said Hamilton county, Ohio."

Defendant resists the application on the ground that the affidavits of the five affiants in support of said application are not sufficient in law and in fact to sustain the same.

The question has been reserved to the General Term of this court for decision.

Plaintiff's application is based upon sec. 5033, Revised Statutes of Ohio, which provides that "When a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties". It will be observed that this statute provides for a change of venue and the manner of obtaining the same, in a particular class of cases, and it is not contended that plaintiff, by her application and affidavit and the affidavits of her five affiants, has not brought her case within the class provided for. It will also be observed that the statute is mandatory in its nature; that it imposes a duty upon the court; but this duty is not an absolute one, for, by the words of the statute, it is made to depend upon two conditions precedent, viz: (1.) that the party moving for the change "make affidavit that he cannot, as he believes, have a fair and impartial trial in that county;" and (2.) that "his application is sustained by the several affidavits of five credible persons residing in such county". The first condition plaintiff has undoubtedly performed by her own affidavit. Do the several affidavits of the five other affiants fulfill the other condition? That is the question to be answered in this case. The identical question has already been before this court in the case of Sauer v. The Cincinnati Street Railway Co., 4 Nisi Prius Rep., 252, and the court divided on the question, Judges Hunt and Smith being adverse to granting the application, while Judge Jackson favored it. See his dissenting opinion in 5 Nisi Prius Rep., 66. Judges Smith and Jackson still adhering to the respective views expressed by them in the Sauer case, the duty devolves upon me of determining what the decision in this case shall be. A host of authorities from other states have been cited by counsel in the case, and I have endeavored, within the limited time at my command, to examine them carefully; but I must confess that, with such examination as I have been able to give them, I have not been able to derive much aid from them in the exposition of our own statute. The question simply resolves itself into, what is the proper construction of our statute? The solution of the question hinges on the two clauses, "if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that (the particular) county," and "his application is sustained by the several affidavits of five credible persons residing in such county." On the part of plaintiff it is contended that the affidavits of the five supporting affiants need allege no more than the formal facts set

forth in plaintiff's affidavit, together with their belief that she can not have a fair and impartial trial in Hamilton county. On the other hand defendant contends that plaintiff's five affiants must depose to facts and circumstances from which the court is to deduce whether or not plaintiff can have a fair and impartial trial, and that these facts and circumstances must be deposed to positively.

The plaintiff's contention is based upon two propositions:-

( 1.) The sole sufficient reason for moving the court to act is the plaintiff's *belief* that she cannot have a fair and impartial trial in the county; and,

(2). She may prove her belief by the affidavits of her five supporting affiants that they each believe the same thing.

I am not able to read the statute in that way. The statute speaks of the applicant's affidavit and of her application, but these two terms under this statute evidently mean the same thing; the plaintiff's affidavit is in reality her application. The statute prescribes what it shall contain, and how it shall be sworn to. It is not an affidavit in the sense that it is to be used as evidence, or testimony, but it is rather a sworn written declaration of ultimate facts to be used in the nature of a pleading for the purpose of invoking the power and action of the court. The policy of our law has always been, as is manifest in various provisions of our code, to have all pleadings and filings in the nature of pleadings verified by the affidavit of the party filing them, but this verification has never usually extended beyond requiring the affiant to state that he *believes* the facts set forth in the pleading to be true. Now, it seems to me that is all that is provided or required in sec. 5033 in respect to the applicant's affidavit. The belief of the affiant is not intended as a substantive part of the affidavit and application, but as rather in modification of the rigor of the oath required to be taken. The applicant is required to make affidavit that he cannot have a fair and impartial trial in the county, but such affidavit is not required to be made positively and unequivocally; it is sufficient that he makes it upon his belief, or that he believes it to be so. If we look at the former statute, S. & C., 1140, of which sec. 5033 is the revised product, I think the construction I contend for will be evident. That statute provided that "if the opposite party * * * shall make affidavit that he cannot have a fair and impartial trial in the county in which such corporation keeps its principal office or transacts its principal business, as he verily believes", then the court shall change the venue.

The ambiguity in the revised section, if there is any, was evidently caused by the transposition of the clause "as he

(verily) believes'' from the end of the sentence where it stood in the old statute.

The main fact to be averred and sworn to was that "he cannot have a fair and impartial trial": the form of the oath was "as he verily believes;" I do not think the revised section either changed or was intended to change the old statute. Hence, in my opinion, the belief of the applicant for a change of venue under sec. 5033 Revised Statutes is not a factor to be considered by the court in passing upon the application; and, therefore, the supporting affidavits of the five affiants, in so far as it is claimed that they tend to sustain this belief of plaintiff, would not be sufficient in law.

But independent of this point, plaintiff contends that the five supporting affidavits are in themselves sufficient to sustain plaintiff's application.

The affiants set forth no facts or circumstances from which the court might deduce conclusions as to the probability or improbability of plaintiff's having a fair and impartial trial, but each affiant merely avers that plaintiff cannot, "as this affiant believes," have a fair and impartial trial in said county. I do not think the affidavits are sufficient either in law or in fact. In the first place, they state conclusions of fact only; and, secondly, they are based on belief only. These affidavits are without question evidential affidavits; they are intended as proof of plaintiff's complaint. But affidavits to be used as evidence must consist of statements positively made, and not of statements made upon information and belief; they should consist of such facts as are requisite to establish the principal fact sought to be maintained. "The office of an affidavit is to set forth the evidence from which the court may draw conclusions of fact.'' 8 N. Y. Supplement, 520.

The five affidavits in question here set forth no evidence from which the court can draw a conclusion as to the principal fact to be maintained, and in addition they contain no positive statement as to said principal fact, but are based on the belief of the affiants only. But plaintiff contends that the statute does not require all of this; that all it does require, is the several affidavits of five credible persons, of like character and form as plaintiff's affidavit. The statute requires that plaintiff's application, that is, the ground of her application, shall be sustained by certain affidavits. Now, "to sustain" means to prove: to establish by evidence: to be conclusive of as evidence: hence, if plaintiff's application is to be sustained, it must be proved, be established by evidence, in the manner provided by the statute, that is, by affidavits of certain individuals, which affidavits, unless excused by the statute must be governed by the general rules of law regulating the form and statements of affidavits. There is nothing in the statute which ex-

pressly provides that the supporting affidavits shall be of the same character and form as the affidavit of the applicant. On the contrary, if the two clauses of the statute under discussion be compared, as they may be under the rules of construction, and there be noted the differences in phraseology, the omission in the second clause of the provision as to swearing on belief, and the insertion of the word "several" before the word "affidavits", the conclusion is irresistible that something more is required by the statute from the supporting affiants than their mere declarations on oath that they believe applicant can not have a fair and impartial trial. As to the applicant the statute specifically prescribes what she shall swear to, and the form of her oath. As to the five supporting affiants nothing is prescribed save that they shall be credible persons; as to them the statute is practically impersonal; its attention is directed to the application, and to the affidavits in support of it; nothing is prescribed as to what the affiants shall swear to, nor as to the form of their oaths; the forceful word "sustained" is used, and the affidavits are required to be "several".

Why prescribe the contents and form of the plaintiff's affidavit, and omit these requirements as to the supporting affidavits, if they were intended to be practically alike? Why require the supporting affidavits to be "several" unless it was intended that the court should get the benefit of the knowledge and information of each individual affiant as to the reasons why a fair and impartial trial could not be had? And why declare that plaintiff's application should be sustained, that is, proven, by the supporting affidavits, unless it was intended that something more than mere allegation, something in the nature of proof of plaintiff's complaint, should be submitted for the guidance of the court in passing upon the application? To my mind these two clauses of the statute are complementary to each other, standing towards each other in the relation of allegation and proof; the one clause providing the mode by which the court's attention is directed to the wrong plaintiff complains of; the other clause prescribing the means necessary to the establishment of the wrong; and the two working together to bring about the remedy provided by the statute.

But the plaintiff's counsel contends that unless his construction of this section be adopted, there is no practical difference between this section and section 5032 of the Revised Statutes, which leaves it discretionary with the court to change the venue, and that it is not to be presumed that the legislature enacted a special statute to fit a particular case already covered by a statute applicable to every case. But there are several important points of difference between the two sections; by sec. 5032 there is a hearing of evidence from both sides; by

sec. 5033 affidavits from one side only are permitted; the hearing is quasi ex parte; by sec. 5032 the action of the court is discretionary upon all of the facts and circumstances disclosed in the case; by sec. 5033 it is made imperative upon the court to act, if the application of plaintiff is sustained in the maner pointed out. In fact, the old statute provided that "it shall be the duty of the court to change the venue."

But it is said that the duty of the court is dependent upon the findings of the court upon the affidavits presented, and that the court may, or has the right to, exercise discretionary powers in arriving at such findings. To this, speaking now for myself alone, I do not assent. The affidavits are but forms of evidence, and are subject to the fixed rules of evidence, regarding relevancy and competency; the only remaining point, then, would be their sufficiency to prove the thing required by the statute to be proved, and I am not willing yet to say that a judge of the fact is bound only to use what is called reasonable discretion; he is bound to more than that: it is his duty to weigh, consider and measure the evidence, all of the evidence offered, and to deduce from it its fair and reasonable conclusions; a duty of examination, deliberation, and decision very different from the notion of liberty of action—although it be a restrained liberty—implied in the term discretion. But it is said that the credibility of the affiants is a factor in the case, and that credibility is a matter to some extent resting in the discretion of the court. But to my mind the only question of credibility competent in the case is the general credibility of the affiants which can only be attacked by evidence as to their general reputation for truth and veracity. My present impression is that the affiants' general credibility could be attacked in a proceeding like this as an aid to depreciating the force and effect of their affidavits, the impeaching evidence to be weighed by the court as other evidence is weighed. Still, as the point is not necessary to the disposition of the present motion, I do not positively express myself on it now. But, I am clear that as to the other methods of impeaching credibility, they would not and ought not to be permitted on a hearing of a motion of this kind. There are only two other methods of impeaching credibility, viz, (1). By disproving the facts stated by the affiant, by the affidavits of other persons; and, (2). By proof that he has made statements out of court contrary to what he has sworn to in his affidavit. Evidence of this nature I do not think would be admissible, for it would be in the very teeth of the statute itself, and would enable the defendant under the guise of attacking the credibility of the affiants to introduce evidence contradictory of the

supporting affidavits; in fact it would be permitting the defendant to do indirectly what the statute does not permit it to do directly. Under the two latter modes of impeachment, the affiants' evidence being contradicted as to particular facts, their credibility as to those facts might lie in the discretion of the court; but impeaching evidence of this nature being eliminated by my view of the statute, there is nothing for the court to exercise its discretion about.

The question of the constitutionality of sec. 5033, I express no opinion about now.

For the reasons herein expressed, it is my opinion that the motion of plaintiff in this case ought not to be granted.

Smith, J. concurred; Jackson, J. dissented.

Thos. Michie, J. C. Clore, J. P. O'Hara, for the motion.

Judge Miller Outcalt, contra.