OPINION
{¶ 1} Defendant-appellant, 610 Morrison Road, LLC ("defendant") appeals from a judgment of the Franklin County Municipal Court denying defendant's motion for relief from judgment. For the following reasons, we affirm the judgment of the municipal court.
 {¶ 2} By complaint filed on August 29, 2007, plaintiff-appellee, David J. Downey ("plaintiff'), sued 610 Morrison Road, LLC, and all other occupants of 610 Morrison Road, Gahanna, Ohio ("the premises"). In his complaint, plaintiff alleged, among other things, that defendant was in breach and default of a land installment contract; defendant owed *Page 2 
no less than $5,371.98 to plaintiff; a notice of forfeiture was delivered to defendant and other occupants of 610 Morrison Road, Gahanna, Ohio; and defendant and other occupants were unlawfully and forcibly detaining plaintiff's possession of the premises. In addition to seeking possession of the premises, plaintiff sought monetary damages. After plaintiff's complaint was filed, a trial was scheduled for September 19, 2007.
 {¶ 3} Defendant's agent, however, failed to appear for trial. Finding, among other things, that notice to vacate the premises conformed to R.C. 1923.04; that notice was properly served; and that plaintiff proved by a preponderance of the evidence allegations in his complaint, a magistrate rendered judgment in favor of plaintiff. On September 20, 2007, adopting the magistrate's decision, the municipal court issued a default judgment in favor of plaintiff for restitution of the premises and court costs.
 {¶ 4} Claiming that it was not properly served with plaintiff's complaint, on October 2, 2007, defendant moved for relief from judgment pursuant to Civ. R. 60(B), and that same day defendant also sought a stay of execution of the municipal court's default judgment. The municipal court stayed execution of its default judgment pending resolution of defendant's Civ. R. 60(B) motion.
 {¶ 5} Without holding an evidentiary hearing, the municipal court denied defendant's Civ. R. 60(B) motion and ultimately denied defendant's motion for stay of execution of the judgment of eviction. In its judgment, the municipal court stated:
 This matter comes before the Court upon Defendant's Motion for Stay of Execution of Judgment filed October 2, 2007. After due consideration of the matters contained therein, the Court hereby denies said motion. Further, the Court finds proper service of process was perfected and denies defendant's 60(B) motion for relief from judgment. *Page 3 
 The Court hereby directs the Municipal Court Clerk to serve upon all parties notice of this judgment and its date of entry upon the journal.
(Entry filed Oct. 23, 2007.)
 {¶ 6} From the municipal court's judgment of October 23, 2007, defendant now appeals and assigns six errors for our consideration:
 I. ASSIGNMENT OF ERROR NO. 1: The lower court erred in finding that service of process was properly completed upon Defendant-Appellant.
 II. ASSIGNMENT OF ERROR NO. 2: The lower court erred in failing to hold a hearing on Appellant's Motion for Relief from Judgment pursuant to Rule 60(b) [sic] of the Ohio Rules of Civil Procedure.
 III. ASSIGNMENT OF ERROR NO. 3: The lower court erred in allowing Plaintiff-Appellee to use eviction procedures to terminate Defendant-Appellant's rights in the real estate.
 IV. ASSIGNMENT OF ERROR NO. 4: The lower court erred in failing to consider whether Plaintiff-Appellee was required to utilize foreclosure procedures, as required by Ohio Revised Code § 5313.07, due to Defendant-Appellant's substantial equity in the real estate.
 V. ASSIGNMENT OF ERROR NO. 5: The lower court erred in failing to address the conflict between Rule 4.2 of the Ohio Rules of Civil Procedure and Ohio Revised Code § 1923.04(D)(2)(b) [sic] and § 1705.06(H)(1).
 VI. ASSIGNMENT OF ERROR NO. 6: The lower court erred in granting judgment in favor of Plaintiff-Appellee without requiring Plaintiff-Appellee to provide evidence that the requirements of the eviction statute were satisfied.
 {¶ 7} Defendant's six assignments of error devolve into these issues: (1) whether the municipal court should have applied foreclosure procedures or eviction procedures to the instant action (defendant's third and fourth assignments of error); (2) whether the *Page 4 
municipal court erred by finding that service of process was perfected (defendant's first and fifth assignments of error); (3) whether the municipal court prejudicially erred by failing to hold a hearing concerning defendant's Civ. R. 60(B) motion (defendant's second assignment of error); and (4) assuming that the municipal court should have applied eviction procedures, whether the municipal court erred by failing to require plaintiff to show that he met requirements of the eviction statute (defendant's sixth assignment of error).
 {¶ 8} "[I]t is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ. R. 60(B) is itself a final appealable order." Colley v. Bazell (1980), 64 Ohio St.2d 243, 245, citing Greenspahn v. Joseph E. Seagram Sons, Inc. (C.A. 2, 1951),186 F.2d 616; Russell v. Cunningham (C.A. 9, 1960), 279 F.2d 797; 7 Moore's Federal Practice (2d Ed.), 430, Section 60.30(3); McCormac, Ohio Civil Rules Practice (1980 Supp.), 101, Section 13-27.
 {¶ 9} Civ. R. 55(B) provides that a court may set aside a default judgment in accordance with Civ. R. 60(B). "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE AutomaticElec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, at paragraph three of the syllabus.
 {¶ 10} "`A claim under Civ. R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection.'"Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, 441, quoting Strack v. Pelton (1994), 70 Ohio St.3d 172, 175. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the *Page 5 
sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion."Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169; Stockdale v. Baba, 153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citing Berk, at 169; State v. Congrove, Franklin App. No. 06AP-1129, 2007-Ohio-3323, at ¶ 9.
 {¶ 11} "`"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10, quoting Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157. An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161; see, also, Dayton ex rel. Scandrick v. McGee (1981),67 Ohio St.2d 356, 359, citing Black's Law Dictionary (5 Ed.) (observing that "`[unreasonable' means `irrational'"); Congrove, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9. "Unconscionable" may be defined as "affronting the sense of justice, decency, or reasonableness." Black's Law Dictionary (8 Ed. 2004) 1561.
 {¶ 12} "[T]o prevail on a Civ. R. 60(B) motion for relief from judgment, the movant must establish that `(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in *Page 6 
Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'" State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151, quoting GTE Automatic Elec, Inc., at paragraph two of the syllabus. Relief under Civ. R. 60(B) "is improper if any one of the foregoing requirements is not satisfied." Richard, at 151, citingStrack v. Pelton (1994), 70 Ohio St.3d 172, 174. See, also, In reMcLoughlin v. McLoughlin, Franklin App. No. 05AP-621, 2006-Ohio-1530, at ¶ 23, appeal not allowed, 110 Ohio St.3d 1465, 2006-Ohio-4288. See, generally, Civ. R. 60(B).
 {¶ 13} Defendant's third and fourth assignments of error raise the issue of whether the municipal court should have applied foreclosure procedures or eviction procedures to the instant action.
 {¶ 14} "Foreclosure" may be defined as "[a] legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." Black's Law Dictionary (8 Ed. 2004) 674.
 {¶ 15} Comparatively, "forcible entry and detainer" may be defined as "[a] quick and simple legal proceeding for regaining possession of real property from someone who has wrongfully taken, or refused to surrender, possession." Id. "`Forcible entry and detainer is a remedy given by statute for the recovery of possession of land and of damages for its detention. It is entirely regulated by statute, and the statutes vary materially in the different states.'" Id. quoting Benjamin J. Shipman,Handbook of Common-Law Pleading § 74, at 188 (Henry Winthrop Ballantine ed., 3d ed. 1923). See, *Page 7 
also, Kuhn v. Griffin (1964), 3 Ohio App.2d 195, 199 (stating that "[t]he action of forcible entry and detainer has long been recognized as an action of a solely possessory nature. The gist and foundation of the action is the right to present possession and this is the sole ultimate issue in the case").
 {¶ 16} Here, defendant claims that, under the parties' land installment contract, defendant's improvements to the property amounted to 36 percent of the purchase price. And, defendant therefore reasons that, pursuant to R.C. 5313.07, foreclosure proceedings should have been employed, rather than eviction procedures.
 {¶ 17} R.C. 5313.07 provides in part:
 If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.
 {¶ 18} Accordingly, for plaintiff to have been required under R.C. 5313.07 to use foreclosure procedures in this case, (1) plaintiff and defendant must have entered into a land installment contract; and (2) defendant must have "paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof." Id. *Page 8 
 {¶ 19} Here, the parties entered into a land installment contract in October 2005 and, according to the contract, defendant's first payment was due on December 1, 2005. Because the land installment contract was executed less than five years ago, at the time of defendant's alleged default, defendant had not paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment.
 {¶ 20} Defendant maintains, however, that it had paid toward the purchase price a total sum equal to or in excess of 20 percent. Defendant, therefore, reasons that, pursuant to R.C. 5313.07, plaintiff could recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in R.C. 2323.07.
 {¶ 21} Here, the purchase price of the property under the land installment contract was $767,000. Twenty percent of the purchase price of $767,000 is an amount equaling $153,400. Thus, under R.C. 5313.07, if defendant had paid $153,400 in accordance with the terms of the contract, or in excess of this amount, plaintiff could have recovered possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in R.C. 2323.07.
 {¶ 22} The parties do not dispute that defendant paid $50,000 as a down payment upon execution of the land installment contract. Defendant maintains, however, that "[s]ince the execution of the Land Contract, [defendant] has made Monthly Payments totaling One Hundred Thirty-Two Thousand Eight Hundred and 08/100 Dollars ($132,814.08)." (Defendant's merit brief, at 2.) If this were true, and assuming that defendant paid in accordance with the terms of the contract, defendant would have paid *Page 9 
$182,814.08, [1] an amount in excess of 20 percent of the purchase price of the land installment contract ($153,400).
 {¶ 23} However, defendant's assertion that, since execution of the land installment contract, it paid additional monthly payments totaling $132,814.08 is unsupported by any evidence in the record.[2] Absent any evidentiary support, defendant's claim of having made additional monthly payments totaling $132,814.08 is of no value. See, e.g.,Van Jackson v. Check `N Go of Illinois, Inc. (N.D.Ill, 2000),193 F.R.D. 544, 546 (observing that "undeveloped arguments are waived and bald assertions are worthless"); see, also, E. Ohio Gas Co. v. Walker (1978),59 Ohio App.2d 216 (finding, among other things, that unsworn allegations of operative facts in a Civ. R. 60[B] motion or in a supporting brief attached to such a motion is insufficient evidence upon which to grant a Civ. R. 60[B] motion).
 {¶ 24} "It is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal." Wray v. Parsson (1995),101 Ohio App.3d 514, 518, appeal not allowed, 73 Ohio St.3d 1413, reconsideration denied, 73 Ohio St.3d 1455, citing Pennant Moldings,Inc. v. C J Trucking Co. (1983), 11 Ohio App.3d 248, 251. Moreover, an "[a]ppellant also has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support *Page 10 
the appellant's assignments of error." Wray, at 518, citingVolodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314, dismissed,47 Ohio St.3d 705.
 {¶ 25} Here, absent any evidence in the record to support defendant's assertion that it paid additional monthly payments totaling $132,814.08, we must conclude that defendant, as the appellant in the instant appeal, has failed to demonstrate that it had paid an amount equal to or in excess of 20 percent of the purchase price of the land installment contract at the time plaintiff brought his action against defendant. We also must conclude that defendant also has failed to affirmatively demonstrate its claim that the plaintiff was required under R.C. 5313.07
to use foreclosure procedures to recover possession of the property.
 {¶ 26} And, because defendant has failed to affirmatively demonstrate its claim that the plaintiff was required under R.C. 5313.07 to use foreclosure procedures to recover possession of the property, and because there is no evidence in the record to support defendant's claim that it had paid an amount equal to or in excess of 20 percent of the purchase price of the land installment contract, we therefore cannot conclude that the municipal court erred by not requiring plaintiff to proceed in a manner required by R.C. 5313.07. See State ex rel. Fultonv. Halliday (1944), 142 Ohio St. 548, 549, citing Makranczy v.Gelfand (1924), 109 Ohio St. 325 (stating that "[t]he proceedings of a trial court are deemed correct unless error affirmatively appears on the face of the record.").
 {¶ 27} Accordingly, for the reasons set forth above, we reject defendant's claim in its third assignment of error that the municipal court erred by allowing plaintiff to use eviction procedures, and we also reject defendant's claim in its fourth assignment of error *Page 11 
that the municipal court erred by failing to consider whether plaintiff was required to utilize foreclosure procedures. Defendant's third and fourth assignments of error are overruled.
 {¶ 28} We also reject defendant's sixth assignment of error, wherein defendant asserts that the municipal court prejudicially erred because it failed to require plaintiff to provide evidence that requirements of the eviction statute were satisfied.
 {¶ 29} Here, in the magistrate's decision, which the municipal court adopted, the court, through the magistrate, found, among other things, that, based on the evidence presented, the notice to vacate "conformed] to R.C. 1923.04 and was properly served, and that plaintiff has proven non-payment of rent and the allegations set forth in the complaint by a preponderance of the evidence." (Sept. 20, 2007 Magistrate's Decision.)
 {¶ 30} "The burden of showing error rests upon the party claiming error on appeal. In the absence of such an affirmative showing, this court is bound to presume that the court below reached a proper result."Pennant Moldings, Inc., at 251, citing Fulton, at 53; Claycraft Co. v.Lowe (C.P. 1952), 72 Ohio Law Abs. 225; see, also, Hartt v. Munobe
(1993), 67 Ohio St.3d 3, 7, rehearing denied, 67 Ohio St.3d 1457
(stating that "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below. * * * A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals"). (Citations omitted.)
 {¶ 31} Here, defendant fails to affirmatively show that the magistrate's finding that plaintiff's notice to vacate conformed to R.C. 1923.04 is erroneous and also fails to affirmatively show that the magistrate's finding that plaintiff's notice was properly served is erroneous. Absent such an affirmative showing, and presuming the regularity of the *Page 12 
proceedings below, we cannot conclude that the municipal court's adoption of the magistrate's finding was error.
 {¶ 32} For the reasons set forth above, we therefore overrule defendant's sixth assignment of error.
 {¶ 33} By its fifth assignment of error, defendant claims the municipal court prejudicially erred by failing to address defendant's claim that Civ. R. 4.2 conflicts with former R.C. 1923.06(D)(2)(b)[3]
and 1705.06(H)(1).
 {¶ 34} "When two statutory provisions are alleged to be in conflict, R.C. 1.51 requires [a court] to construe them, where possible, togive effect to both." Gahanna-Jefferson Loc. School Dist. Bd. of Edn. v.Zaino (2001), 93 Ohio St.3d 231, citing Schindler Elevator Corp. v.Tracy (1999), 84 Ohio St.3d 496, 499. (Emphasis sic.) See, also,Johnson's Markets, Inc. v. New Carlisle Dept. of Health (1991),58 Ohio St.3d 28, 35, citing Couts v. Rose (1950), 152 Ohio St. 458 (stating that "[a court] in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict").
 {¶ 35} R.C. Chapter 1923 concerns forcible entry and detainer actions. Former R.C. 1923.06 provided in part:
 (A) Any summons in an action, including a claim for possession, pursuant to this chapter shall be issued, be in the form specified, and be served and returned as provided in this section. Such service shall be at least seven days before the day set for trial. *Page 13 
 (C) The clerk of the court in which a complaint to evict is filed shall mail any summons by ordinary mail, along with a copy of the complaint, document, or other process to be served, to the defendant at the address set forth in the caption of the summons and to any address set forth in any written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which the clerk shall complete and file.
 In addition to this ordinary mail service, the clerk also shall cause service of that process to be completed under division (D) or (E) of this section or both, depending upon which of those two methods of service is requested by the plaintiff upon filing the complaint to evict.
 (D)(1) If requested, the clerk shall deliver sufficient copies of the summons, complaint, document, or other process to be served to, and service shall be made by, one of the following persons:
 (a) The sheriff of the county in which the premises are located when the process issues from a court of common pleas or county court;
 (b) The bailiff of the court for service when process issues from a municipal court;
 (c) Any person who is eighteen years of age or older, who is not a party, and who has been designated by order of the court to make service of process when process issues from any of the courts referred to in divisions (D)(1)(a) and (b) of this section.
 (2) The person serving process shall effect service at the premises that are the subject of the forcible entry and detainer action by one of the following means:
 (a) By locating the person to be served at the premises to tender a copy of the process and accompanying documents to that person;
 (b) By leaving a copy of the summons, complaint, document, or other process with a person of suitable age and discretion found at the premises if the person to be served cannot be *Page 14 
found at the time the person making service attempts to serve the summons pursuant to division (D)(2)(a) of this section;
 (c) By posting a copy in a conspicuous place on the subject premises if service cannot be made pursuant to divisions (D)(2)(a) and (b) of this section.
 (3) Within five days after receiving the summons, complaint, document, or other process from the clerk for service, the person making service shall return the process to the clerk. The person shall indicate on the process which method described in division (D)(2) of this section was used to serve the summons. The clerk shall make the appropriate entry on the appearance docket.
 (E) If requested, the clerk shall mail by certified mail, return receipt requested, a copy of the summons, complaint, document, or other process to be served to the address set forth in the caption of the summons and to any address set forth in any written instructions furnished to the clerk.
 (F) Service of process shall be deemed complete on the date that any of the following has occurred:
 (1) Service is made pursuant to division (D)(2)(a) or (b) of this section.
 (2) Both ordinary mail service under division (C) and service by posting pursuant to division (D)(2)(c) of this section have been made.
 (3) For service performed pursuant to division (E) of this section, on the date of mailing, if on the date of the hearing either of the following applies:
 (a) The certified mail has not been returned for any reason other than refused or unclaimed.
 (b) The certified mail has not been endorsed, and the ordinary mail has not been returned.
 (G)(1) The claim for restitution of the premises shall be scheduled for hearing in accordance with local court rules, but in no event sooner than the seventh day from the date service is complete. *Page 15 
 (2) Answer day for any other claims filed with the claim for possession shall be twenty-eight days from the date service is deemed complete under this section.
 {¶ 36} Here, a court-appointed process server executed service by leaving a copy of the summons and complaint with a party who presumably was defendant's employee. (See Affidavit of Alice Fuller dated October 11, 2007.) Absent any evidence to the contrary in the record, such service seemingly comports with the requirements of former R.C. 1923.06(D)(1)(c) and (D)(2)(b).
 {¶ 37} Defendant maintains, however, that service provisions in former R.C. 1923.06 conflict with R.C. 1705.06(H)(1), which concerns service of process upon a limited liability company.[4] Defendant further maintains that service provisions in former R.C. 1923.06 conflict with service requirements under Civ. R. 4.2(H).
 {¶ 38} R.C. 1705.06 provides in part:
 (H)(1) Any legal process, notice, or demand required or permitted by law to be served upon a limited liability company may be served upon the company as follows:
 (a) If the agent described in division (A) of this section is an *Page 16 
individual, by delivering a copy of the process, notice, or demand to the agent;
 (b) If the agent is a corporation, by delivering a copy of the process, notice, or demand to the address of the agent in this state as contained in the records of the secretary of state.
 * * *
 (J) This section does not limit or affect the right to serve any process, notice, or demand upon a limited liability company in any other manner permitted by law.
(Emphasis added.)
 {¶ 39} "Although it is true that in some instances the word, `may,' must be construed to mean `shall,' and `shall' must be construed to mean `may,' in such cases the intention that they shall be so construed must clearly appear. Ordinarily, the word, `shall,' is a mandatory one, whereas `may' denotes the granting of discretion." Dennison v.Dennison (1956), 165 Ohio St. 146, 149.
 {¶ 40} Construing "[a]ny legal process, notice, or demand required or permitted by law to be served upon a limited liability company may be served upon the company as follows" in R.C. 1705.06(H)(1), with R.C. 1705.06(J)'s prescription that R.C. 1705.06 "does not limit or affect the right to serve any process, notice, or demand upon a limited liability company in any other manner permitted by law," we cannot conclude that this is such an occasion where it clearly appears that the General Assembly intended in R.C. 1705.06(H)(1) for "may" to be construed to mean "shall."
 {¶ 41} Accordingly, defendant's claim that R.C. 1705.06(H)(1) requires plaintiff to have served defendant's statutory agent, an individual, by delivering a copy of the process, notice, or demand to its statutory agent, rather than by some other permissible *Page 17 
method of service of process, is not supported by the plain language of R.C. 1705.06. See Bd. of Edn. of Pike-Delta-York Loc. School Dist. v.Fulton Cty. Budget Comm. (1975), 41 Ohio St.2d 147, 156, citingSears v. Weimer (1944), 143 Ohio St. 312; Cleveland Trust Co. v.Eaton (1970), 21 Ohio St.2d 129; State ex rel. Wallace v. Celina (1972),29 Ohio St.2d 109 (stating that "[c]ourts do not have the authority to ignore, in the guise of statutory interpretation, the plain and unambiguous language in a statute").
 {¶ 42} We also disagree with defendant's contention that plaintiff's service of the complaint and summons by a process server as provided in former R.C. 1923.06 conflicts with Civ. R. 4.2(H).
 {¶ 43} Civ. R. 4.2 provides in part:
 Service of process, except service by publication as provided in Civ. R. 4.4(A), pursuant to Civ. R. 4 through 4.6 shall be made as follows:
 * * *
 (H) Upon an unincorporated association by serving it in its entity name by certified or express mail at any of its usual places of business or by serving an officer of the unincorporated association[.]
 {¶ 44} Unincorporated associations are governed by R.C. Chapter 1745. See, e.g., R.C. 1745.01 (providing that "[a]ny unincorporated association may contract or sue in behalf of those who are members and, in its own behalf, be sued as an entity under the name by which it is commonly known and called"). Limited liability companies, on the other hand, are governed by R.C. Chapter 1705. Unincorporated associations and limited liability companies are therefore governed by different and separate provisions within the Revised Code. *Page 18 
 {¶ 45} Because unincorporated associations and limited liability companies are governed by different and separate provisions within the Revised Code, and because Civ. R. 4.2(H) unambiguously and specifically refers to "unincorporated associations," and not "limited liability companies," we cannot necessarily conclude that, for purposes of construing Civ. R. 4.2(H), "unincorporated association" includes limited liability companies within its purview, as defendant suggests. See, generally, 1970 Staff Notes to Civ. R. 4.2 (stating that "[s]ervice of process upon an unincorporated association, such as a labor union, under Rule 4.2(8) is similar to service of process upon an unincorporated association as set forth in [former] § 1745.03, R.C."); 1 Klein 
Darling, Baldwin's Ohio Practice, Civil Procedure (2 Ed. 2004) 296, Section 4.2:17.
 {¶ 46} And, absent any finding of ambiguity, we have no reason to interpret the unambiguous language of Civ. R. 4.2(H) to include applicability of this rule to limited liability companies under the guise of interpretation. See, e.g., Bd. of Edn. of Pike-Delta-York LocalSchool District, at 156.
 {¶ 47} Furthermore, a plain reading of Civ. R. 4.2 produces a conclusion that, under Civ. R. 4.2, different methods of service of process have been created for, among other things, a partnership or limited partnership association, Civ. R. 4.2(G), a professional association, Civ. R. 4.2(I), and corporations, Civ. R. 4.2(F). Under Civ. R. 4.2, however, no different method of service of process has been created for a limited liability company. See, generally, State ex rel.Paluf v. Feneli (1994), 69 Ohio St.3d 138, 143, citing Harris v. AtlasSingle Ply Sys., Inc. (1992), 64 Ohio St.3d 171, 173; Vincent v.Zanesville Civ. Serv. Comm. (1990), 54 Ohio St.3d 30, 33, at fn. 2 (stating that "[e]xpressio unius est *Page 19 exclusio alterius is an interpretative maxim meaning that if certain things are specified in a law, contract, or will, other things are impliedly excluded").
 {¶ 48} Accordingly, because, as a matter of law, service of process provisions in former R.C. 1923.06 do not conflict with requirements for service of a limited liability under R.C. 1705.06(H)(1), and because we cannot conclude that, as a matter of law, plaintiff's service of the complaint and summons by a process server as provided in former R.C. 1923.06 conflicts with Civ. R. 4.2(H), we therefore conclude that the municipal court did not prejudicially err by failing to address defendant's claim that Civ. R. 4.2 conflicts with former R.C. 1923.06(D)(2)(b) and 1705.06(H)(1).
 {¶ 49} For the reasons set forth above, defendant's fifth assignment of error is therefore overruled.
 {¶ 50} Because defendant's remaining assignments of error are interrelated, we shall jointly consider them. By its first assignment of error, defendant asserts that the municipal court prejudicially erred by finding that service of process was properly completed upon defendant. By its second assignment of error, defendant claims the municipal court prejudicially erred by failing to hold an evidentiary hearing to consider defendant's Civ. R. 60(B) motion.
 {¶ 51} Here, in an affidavit in support of defendant's Civ. R. 60(B) motion, John Yazdani, defendant's authorized statutory agent, averred that he received a copy of the summons and complaint after the matter was heard at trial and a default judgment was issued. (Affidavit of John Yazdani, dated October 2, 2007, at paragraphs 1, 3 and 5.) Mr. Yazdani further averred that "[i]f delivery of the Summons and Complaint was made at the Premises, they were given to a person who was not a member of 610 Morrison Road, *Page 20 
LLC." Id., at paragraph 4. See, generally, R.C. 1705.01(G) (defining "member" as "mean[ing] a person whose name appears on the records of the limited liability company as the owner of a membership interest in that company"). In a reply brief, defendant expressly requested an evidentiary hearing.
 {¶ 52} "An affidavit is a written declaration under oath, made without notice to the adverse party." R.C. 2319.02. "An affidavit may be used to verify a pleading, to prove the service of the summons, notice, or other process in an action; or to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law." R.C. 2319.03.
 {¶ 53} "`[Affidavits to be used as evidence must consist of statements positively made, and not merely of statements made upon information and belief; they should consist of such facts as are requisite to establish the principal facts sought to be maintained.'" Ins. Co. of N. America v.Mall Builders, Inc. (Oct. 28, 1982), Montgomery App. No. 7756, quotingStermer v. Cincinnati Street R. Co. (1898), 5 Ohio N.P. 419, 421.
 {¶ 54} Here, the principal fact sought to be maintained by defendant is whether it was properly served with plaintiff's summons and complaint. As discussed above, R.C. 1705.06(H)(1) does not require service upon a limited liability company's statutory agent for service of process to be perfected in a forcible entry and detainer action under R.C. Chapter 1923. Therefore, whether defendant's statutory agent timely received service of process is irrelevant to the issue of whether service of process was properly perfected under former R.C. 1923.06(D)(2)(b), which required that a copy of the summons and complaint be left with a person of "suitable age and discretion found at the premises if the *Page 21 
person to be served cannot be found at the time the person making service attempts to serve the summons" under former R.C. 1923.06(D)(2)(b) .
 {¶ 55} Additionally, Mr. Yazdani's averment that "[i]f delivery of the Summons and Complaint was made at the Premises, they were given to a person who was not a member of 610 Morrison Road, LLC," (Yazdani Affidavit, at paragraph 4), cannot have been based upon personal knowledge as Mr. Yazdani was not present at the premises when service of the summons and complaint was made. Absent any personal knowledge by Mr. Yazdani, such an averment therefore must have been based upon information and belief, and, as a consequence, such an averment has limited evidentiary value. See, generally, Ins. Co. of N. America, supra, quoting Stermer, supra (stating "[a]ffidavits to be used as evidence must consist of statements positively made, and not merely of statements made upon information and belief[.]'").
 {¶ 56} Also, because defendant admits that the summons and complaint were left with an employee of a dental laboratory located on the premises, we find that, absent any evidence to the contrary, under the facts of this case, defendant cannot show that plaintiff's summons and complaint were not left with a person of "suitable age and discretion found at the premises."
 {¶ 57} Accordingly, defendant's claim that the municipal court erred by finding that service of process was properly completed upon defendant is not persuasive.
 {¶ 58} Defendant also claims that the municipal court prejudicially erred because it failed to hold an evidentiary hearing to consider defendant's Civ. R. 60(B) motion.
 {¶ 59} "[I]f [a] Civ. R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence *Page 22 
to verify those facts before it rules on the motion." Richard, at 151, citing Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18; Coulson v.Coulson (1983), 5 Ohio St.3d 12, 16. "Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ. R. 60(B)." Richard, at 151, citing S. Ohio Coal Co. v.Kidney (1995), 100 Ohio App.3d 661, 667, appeal not allowed by,72 Ohio St.3d 1530. See, also, Gaines Stern Co., L.P.A. v. Schwarzwald,Robiner, Wolf Rock, Co., L.P.A. (1990), 70 Ohio App.3d 643, 646, dismissed (1991), 59 Ohio St.3d 718, rehearing denied (1991),60 Ohio St.3d 720 (citations omitted); McCormac Solimine, Anderson's Ohio Civil Rules Practice With Forms (Ed. 2008) 13-60 to 13-61, Section 13.35; Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (Ed. 2006) 60-50 to 60-51, Section 60:12.
 {¶ 60} "Operative facts are those facts which if proven would give rise to a meritorious defense or support the alleged grounds for relief from judgment." Prinz v. Horvat (Mar. 1, 1989), Summit App. No. 13708; see, also, Black's Law Dictionary (8 Ed. 2004) 629 (defining "operative fact" as, among other things, "[a] fact that constitutes the transaction or event on which a claim or defense is based").
 {¶ 61} "[A] trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment."Kay, supra, at 19-20, citing Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103. Such a holding "is in accord with the underlying policies governing Civ. R. 60(B) and, in particular, the fact that Civ. R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." Kay, at 20, citing Colley, supra, at 249. *Page 23 
 {¶ 62} Here, the facts alleged in Mr. Yazdani's affidavit, namely, that he received a copy of the summons and complaint after the matter was heard at trial and a default judgment was issued (Affidavit of John Yazdani, at paragraphs 1, 3 and 5), and his averment that "[i]f delivery of the Summons and Complaint was made at the Premises, they were given to a person who was not a member of 610 Morrison Road, LLC," id., at paragraph 4, even if proven, fail to give rise to a meritorious defense.
 {¶ 63} Specifically, former R.C. 1923.06(D)(2)(b) did not require a person serving process to leave a copy of the summons and complaint with the statutory agent of a limited liability company. Therefore, whether the summons and complaint was given to a member of the limited liability company is inapposite. Additionally, whether defendant's statutory agent timely received service of process is irrelevant to the issue of whether service of process was properly perfected under former R.C. 1923.06(D)(2)(b), as defendant concedes that a copy of the summons and complaint was left with an employee of a dental laboratory located on the premises, who, absent any evidence to the contrary, presumably was "a person of suitable age and discretion."
 {¶ 64} After independently reviewing the evidence in the record, we therefore cannot conclude that an evidentiary hearing in this matter was required because defendant's attached evidentiary material does not contain allegations of operative facts that would warrant relief under Civ. R. 60(B). See Richard, supra, at 151; Gaines Stern Co.,L.P.A., at 646. We therefore cannot conclude that the municipal court abused its discretion by denying defendant's request for an evidentiary hearing to consider defendant's Civ. R. 60(B) motion. *Page 24 
 {¶ 65} For the reasons set forth above, we overrule defendant's first and second assignments of error.
 {¶ 66} Accordingly, having overruled defendant's six assignments of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
TYACK, J., concurs.
SADLER, J., concurs separately.
[1] $50,000 (down payment) plus $132,814.08 (total amount allegedly paid toward purchase price of the land contract following execution of land contract) equals $182,814.08. $182,814.08 (total sum allegedly paid toward the purchase price of the land installment contract in accordance with terms of the contract) is 23.83% of $767,000.
[2] Prior to oral argument, in a joint motion for an extension of time that was later granted by this court, the parties represented to the court that an extension of time was necessary so that defendant could "obtain and submit to the Court the transcript of the eviction hearing relevant to this matter." (Joint Motion for Extension for Plaintiff-Appellee's Reply Brief, filed on December 17, 2007.) No transcript, however, was filed with this court. See, generally, App. R. 9.
[3] After plaintiff brought his lawsuit against defendants, R.C. 1923.06 was amended by (2007) Sub. H.B. No. 56, effective October 18, 2007.
[4] In In re ICLNDS Notes Acquisition, LLC (Bkrtcy.N.D.Ohio, 2001),259 B.R. 289, the United States Bankruptcy Court for the Northern District of Ohio explained:
 Under Ohio law, as elsewhere, an LLC [limited liability company] is neither a corporation nor a partnership, as those concepts are commonly understood. Instead, an LLC is a hybrid in that it: is a form of legal entity that has attributes of both a corporation and a partnership but is not formally characterized as either one. Generally, an LLC offers all of its members, including any member-manager, limited liability as if they were shareholders of a corporation but treats the entity and its members as a partnership for tax purposes. Broyhill v. DeLuca (In re DeLuca), 194 B.R. 65, 71
(Bankr.E.D.Va. 1996) (quoting Thomas F. Blakemore, Limited Liability Companies and the Bankruptcy Code: A Technical Overview, 13 Am. Bankr.Inst. J. 12 (1994)). See also Jason C. Blackford, Blackford Business Organizations § 3.10 (1992). * * *
Id. at 292-293.