OFFICE OF DISCIPLINARY COUNSEL *v.* BOOHER.

[Cite as *Disciplinary Counsel v. Booher* (1996), 75 Ohio St.3d 509.]

(No. 95–2554—Submitted March 19, 1996—Decided May 29, 1996.)

*Geoffrey Stern,* Disciplinary Counsel, and *Alvin E. Mathews,* Assistant Disciplinary Counsel, for relator.

*David C. Greer,* for respondent.

*Per Curiam.* We concur with the board's findings of fact and conclusions of law, but believe that a more severe sanction is warranted. The case before us involves court-appointed counsel for a criminal defendant. The lawyer-client relation in a criminal matter is inherently unequal. The client's reliance on the ability of her counsel in a crisis situation has the effect of putting the lawyer in a position of dominance and the client in a position of dependence and vulnerability. The more vulnerable the client, the heavier is the obligation upon the attorney not to exploit the situation for his own advantage. Whether a client consents to or initiates sexual activity with the lawyer, the burden is on the lawyer to ensure that all attorney-client dealings remain on a professional level. Respondent failed to meet that burden.

Moreover, the client was in jail. Respondent was able to meet with her only because of his position as her counsel. The privacy provided to respondent and his client for legal consultation was available only because respondent was acting as an "officer of the court."

In view of the foregoing, respondent is hereby suspended from the practice of law for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.