[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 509.]

OFFICE OF DISCIPLINARY COUNSEL *v*. BOOHER.

[Cite as *Disciplinary Counsel v. Booher*, 1996-Ohio-248.]

*Attorneys at law—Misconduct—One-year suspension—Court-appointed counsel for criminal defendant engaging in sexual activity with client in a jail meeting room.*

(No. 95-2554—Submitted March 19, 1996—Decided May 29, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-50.

_____

{¶ 1} On June 5, 1995 the relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Michael R. Booher of Middletown, Ohio, Attorney Registration No. 0007694, with, <u>inter alia</u>, violating three Disciplinary Rules: DR 5-101(A) (accepting employment where a lawyer's professional judgment on behalf of his client reasonably may be affected by his own personal interest), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct adversely reflecting upon fitness to practice law). At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), the parties stipulated to the essential facts, and respondent presented character witnesses.

{¶ 2} The panel found that after respondent was appointed by the common pleas court to represent a female client on felony charges, he met with the client several times in the county jail. During a meeting on January 3, 1995, respondent and his client discussed the subject of sexual activity. At a second meeting on January 9, 1995, after representing the client at a hearing, respondent met with the client in a jail meeting room to discuss the client's possible prison sentence. At that time, respondent and the client engaged in sexual activity. After the client reported

the incident, the trial judge appointed another attorney to represent the client, and the jail officials placed restrictions upon respondent's jail visits.

{¶ 3} Respondent stipulated that his actions violated the Disciplinary Rules cited above and the panel so found. The panel recommended to the board that respondent receive a public reprimand. The board adopted the panel's findings of fact and conclusions of law, but recommended that respondent be suspended for a year with the entire suspension suspended on condition that there would be no further disciplinary violations.

_____

*Geoffrey Stern,* Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*David C. Greer*, for respondent.

_____

*Per Curiam.*

{¶ 4} We concur with the board's findings of fact and conclusions of law, but believe that a more severe sanction is warranted. The case before us involves court-appointed counsel for a criminal defendant. The lawyer-client relation in a criminal matter is inherently unequal. The client's reliance on the ability of her counsel in a crisis situation has the effect of putting the lawyer in a position of dominance and the client in a position of dependence and vulnerability. The more vulnerable the client, the heavier is the obligation upon the attorney not to exploit the situation for his own advantage. Whether a client consents to or initiates sexual activity with the lawyer, the burden is on the lawyer to ensure that all attorney-client dealings remain on a professional level. Respondent failed to meet that burden.

{¶ 5} Moreover, the client was in jail. Respondent was able to meet with her only because of his position as her counsel. The privacy provided to respondent

2

and his client for legal consultation was available only because respondent was acting as an "officer of the court."

**{¶ 6}** In view of the foregoing, respondent is hereby suspended from the practice of law for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____