CLEVELAND BAR ASSOCIATION *v.* FENELI.

[Cite as *Cleveland Bar Assn. v. Feneli* (1999), 86 Ohio St.3d 102.]

(No. 98–2664—Submitted April 14, 1999—Decided July 7, 1999.)

*Virginia S. Brown, Thomas A. Gattozzi* and *Cathleen M. Bolek,* for relator.
*Richard S. Koblentz* and *Craig J. Morice,* for respondent.

***Per Curiam.*** We adopt the findings and conclusions of the board. There is no dispute that at the meeting in the client's apartment respondent proposed to reduce the fees owed to him in exchange for certain sexual acts. Whether the client or respondent initiated the discussion that resulted in the September 7, 1995 meeting is immaterial. Despite respondent's contention that the attorney-client relationship terminated two weeks earlier in August 1995, we cannot ignore the proximity of the two events.

We adhere to our statement in *Disciplinary Counsel v. Booher* (1996), 75 Ohio St.3d 509, 510, 664 N.E.2d 522, that "the burden is on the lawyer to ensure that all attorney-client dealings remain on a professional level." From the outset of his representation, respondent did not meet that burden; instead, he engaged in conduct that adversely reflected on his ability to practice law.

Although we adopt the recommendation of the board regarding the suspension of respondent from the practice of law in Ohio, we do not adopt its recommendation that respondent complete a program for sex offenders. The board specifical-

ly did "not find clear and convincing evidence of an ongoing course of abuse and harassment of [the client] by Respondent." Moreover, the respondent was not criminally prosecuted for a sexual offense or sexual harassment and he settled the client's civil claim.

The purpose of disciplinary actions is not to punish but to determine whether a person, "'formerly admitted [to the bar], is a proper person to be continued on the roll.'" *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 372, 667 N.E.2d 1186, 1188. In a case with facts similar to these, but with no sexual relations between the attorney and client, we imposed a six-month suspension, *Dayton Bar Assn. v. Sams* (1989), 41 Ohio St.3d 11, 535 N.E.2d 298. In this case we hereby suspend respondent from the practice of law in Ohio for eighteen months with the final six months of the suspension stayed. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.