**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 102.]**

CLEVELAND BAR ASSOCIATION *v.* FENELI.

**[Cite as *Cleveland Bar Assn. v. Feneli*, 1999-Ohio-140.]**

*Attorneys at law—Misconduct—Eighteen-month suspension with final six months of suspension stayed—Having sexual relations with a female client and proposing that she barter sexual favors for legal fees owed.*

(No. 98-2664—Submitted April 14, 1999—Decided July 7, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-05.

_____

{¶ 1} On February 17, 1998, relator, Cleveland Bar Association, filed a complaint charging that respondent, Dale C. Feneli of Mayfield Heights, Ohio, Attorney Registration No. 0023616, violated five Disciplinary Rules by having sexual relations with a female client and proposing that she barter sexual favors for the legal fees that she owed him. Respondent filed his answer, and the matter was considered by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} On the basis of stipulations and an evidentiary hearing, the panel found that in late 1994, respondent represented a female client with respect to injuries she sustained in a motor vehicle accident and then with respect to her divorce action. The panel found that in January 1995, shortly after he began representing this client, respondent and the client engaged in oral sex. Thereafter, according to the client, respondent suggested in telephone calls to her that she pay the fees she was incurring by means of sexual acts. According to respondent, the client suggested to him several times that she had certain "other methods of payment that [he] would certainly enjoy more than money."

**{¶ 3}** In August 1995, the client reported the January 1995 incident and her telephone conversations with respondent to the Mayfield Heights, Ohio police. The police arranged with the client to have her next meeting with respondent tape-recorded, and the client then invited respondent to her apartment.

**{¶ 4}** During a meeting at her apartment on September 7, 1995, a date by which respondent contends that his representation of the client had concluded, respondent suggested specific prices for certain sexual acts that would satisfy the fees the client owed to him. Respondent never reached an agreement with his client and departed without any physical contact with her.

**{¶ 5}** After the police declined to bring criminal charges against respondent on the basis of the client's reports and the tape-recording of the September 7, 1995 meeting, the client became "fed up with law enforcement." The client then employed an attorney, who, on her behalf, simultaneously wrote to respondent asserting a claim of sexual harassment and filed a grievance against him with relator. Respondent settled the civil claim by paying the client $25,000 and obtained the client's agreement to attempt to withdraw the disciplinary grievance.

**{¶ 6}** Finding that the respondent and the client had sexual relations in January 1995, but that the September 7, 1995 meeting was the only time respondent suggested to the client that she might reduce her fees by performing sexual acts, the panel concluded that respondent's conduct violated DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law) and 1-102(A)(1) (a lawyer shall not violate a Disciplinary Rule). In mitigation, respondent submitted twelve letters from judges, attorneys, and laypersons commending his competence and skill as a lawyer. Also, three witnesses testified with respect to his excellent reputation for honesty and integrity during his twenty-three-year legal career. The panel recommended that respondent be suspended from the practice of law for one year, with six months of the suspension stayed

2

contingent upon respondent's successful completion of a course at a facility for sex offenders approved by relator.

{¶ 7} The board accepted the findings of fact and conclusions of the panel, but recommended that respondent be suspended from the practice of law for eighteen months, with six months of the suspension stayed contingent upon respondent's successful completion of a program for sex offenders approved by relator.

———————————

*Virginia S. Brown, Thomas A. Gattozzi* and *Cathleen M. Bolek,* for relator.

*Richard S. Koblentz* and *Craig J. Morice,* for respondent.

———————————

***Per Curiam.***

{¶ 8} We adopt the findings and conclusions of the board. There is no dispute that at the meeting in the client's apartment respondent proposed to reduce the fees owed to him in exchange for certain sexual acts. Whether the client or respondent initiated the discussion that resulted in the September 7, 1995 meeting is immaterial. Despite respondent's contention that the attorney-client relationship terminated two weeks earlier in August 1995, we cannot ignore the proximity of the two events.

{¶ 9} We adhere to our statement in *Disciplinary Counsel v. Booher* (1996), 75 Ohio St.3d 509, 510, 664 N.E.2d 522, that "the burden is on the lawyer to ensure that all attorney-client dealings remain on a professional level." From the outset of his representation, respondent did not meet that burden; instead, he engaged in conduct that adversely reflected on his ability to practice law.

{¶ 10} Although we adopt the recommendation of the board regarding the suspension of respondent from the practice of law in Ohio, we do not adopt its recommendation that respondent complete a program for sex offenders. The board specifically did "not find clear and convincing evidence of an ongoing course of

abuse and harassment of [the client] by Respondent." Moreover, the respondent was not criminally prosecuted for a sexual offense or sexual harassment and he settled the client's civil claim.

{¶ 11} The purpose of disciplinary actions is not to punish but to determine whether a person, " 'formerly admitted [to the bar], is a proper person to be continued on the roll.' " *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 372, 667 N.E.2d 1186, 1188. In a case with facts similar to these, but with no sexual relations between the attorney and client, we imposed a six-month suspension, *Dayton Bar Assn. v. Sams* (1989), 41 Ohio St.3d 11, 535 N.E.2d 298. In this case we hereby suspend respondent from the practice of law in Ohio for eighteen months with the final six months of the suspension stayed. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————