ALLEN COUNTY BAR ASSOCIATION *v.* BARTELS.

[Cite as *Allen Cty. Bar Assn. v. Bartels*,

124 Ohio St.3d 527, 2010-Ohio-1046.]

*Attorneys at law — Misconduct — Sexual activity with a client — Consent-to-discipline agreement — Public reprimand.*

(No. 2009-2238 — Submitted January 13, 2010 — Decided March 25, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-053.

_____

**Per Curiam.**

{¶ 1} Respondent, N. Shannon Bartels of Lima, Ohio, Attorney Registration No. 0064012, was admitted to the practice of law in Ohio in 1994. The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent based on its finding that she engaged in sexual activity with a client. We accept the board's finding of misconduct and the recommendation of a public reprimand.

{¶ 2} Relator, Allen County Bar Association, filed a complaint charging respondent with violating several Rules of Professional Conduct, including Prof.Cond.R. 1.8(j) (prohibiting a lawyer from soliciting or engaging in sexual activity with a client unless a consensual sexual relationship existed before the representation commenced). After respondent initially submitted an answer denying that she had committed any misconduct, the parties entered into a consent-to-discipline agreement, filed pursuant to Rule 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), in which they stipulated to facts and misconduct and proposed a public reprimand. The board accepted the agreement and recommends a public reprimand.

## Misconduct

{¶ 3} The parties stipulated that in February 2008, a client retained respondent as his attorney for a postdivorce matter involving custody and visitation. Prior to respondent's representation of the client, there had been no sexual or romantic relationship between them.

{¶ 4} Respondent met with both the client and the client's wife and attended court conferences on their behalf. After meeting with both the client and his wife, respondent attended a hearing that resulted in the settlement of the case. Respondent reviewed a proposed judgment entry resolving the case and faxed it to her client for his review. On May 22, 2008, the judgment entry was submitted to, and signed by, the court.

{¶ 5} On the same day that the judgment was entered, respondent met with the client and engaged in sexual activity with him. Respondent thereafter sent a letter to her client with the judgment entry and bill and faxed a copy of the entry modifying custody and visitation to the county child support enforcement agency. Respondent's sexual relationship with her client continued until September 1, 2008.

{¶ 6} On September 22, 2008, respondent received a letter from an attorney notifying her of problems regarding visitation, custody, and the payment of medical bills for her client's minor child. Respondent forwarded the letter to her client. In late September 2008, after she was confronted by her client's wife about the affair, respondent admitted that she had engaged in sexual activity with her client. The client's wife thereafter filed a grievance against respondent.

{¶ 7} Respondent admitted that her conduct violated Prof.Cond.R. 1.8(j), and relator withdrew its charges of other ethical violations. We accept respondent's admissions.

## Sanction

**{¶ 8}** Comment 17 to Prof.Cond.R. 1.8 explains the rationale for the prohibition in subsection 1.8(j) against a lawyer's having sexual activity with a client:

**{¶ 9}** "The relationship between lawyer and client is a fiduciary one in which the lawyer occupies the highest position of trust and confidence. The relationship is almost always unequal; thus, a sexual relationship between lawyer and client can involve unfair exploitation of the lawyer's fiduciary role, in violation of the lawyer's basic ethical obligation not to use the trust of the client to the client's disadvantage. In addition, such a relationship presents a significant danger that, because of the lawyer's emotional involvement, the lawyer will be unable to represent the client without impairment of the exercise of independent professional judgment. Moreover, a blurred line between the professional and personal relationships may make it difficult to predict to what extent client confidences will be protected by the attorney-client evidentiary privilege, since client confidences are protected by privilege only when they are imparted in the context of the client-lawyer relationship. Because of the significant danger of harm to client interests and because the client's own emotional involvement renders it unlikely that the client could give adequate informed consent, this rule prohibits the lawyer from engaging in sexual activity with a client regardless of whether the relationship is consensual and regardless of the absence of prejudice to the client, unless the sexual relationship predates the client-lawyer relationship. A lawyer is also prohibited from soliciting a sexual relationship with a client."

**{¶ 10}** In *Cincinnati Bar Assn. v. Schmalz*, 123 Ohio St.3d 130, 2009-Ohio-4159, 914 N.E.2d 1024, we considered our precedent in disciplinary cases involving sexual activity between lawyers and their clients in determining the appropriate sanction. We first noted that we have imposed harsher sanctions when the sexual relationship either "formed part of a larger pattern of misconduct" or was "linked with other disciplinary violations or an actual adverse

impact on the quality of the legal representation." Id. at ¶ 8, citing *Disciplinary Counsel v. Sturgeon*, 111 Ohio St.3d 285, 2006-Ohio-5708, 855 N.E.2d 1221, ¶ 18, 29-30 (disbarment), and *Disciplinary Counsel v. Krieger*, 108 Ohio St.3d 319, 2006-Ohio-1062, 843 N.E.2d 765, ¶ 29-30 (suspension).

{¶ 11} In *Schmalz*, however, at ¶ 9, we held that a public reprimand was warranted for the attorney's violation of Prof.Cond.R. 1.8(j) and other Rules of Professional Conduct because "in spite of the improprieties, respondent effectively performed her function as an attorney in the criminal representation and * * * a public reprimand for the stated violations will adequately deter her from further violations."

{¶ 12} Similarly, respondent's isolated violation of Prof.Cond.R. 1.8(j) in an otherwise unblemished legal career had no adverse impact upon her representation of the client and was not part of a larger pattern of ethical misconduct. In addition, the parties' stipulation identified the presence of several mitigating factors, including respondent's lack of a prior disciplinary record, absence of a dishonest or selfish motive, cooperative attitude toward the disciplinary proceedings, and positive character evidence. BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e). Therefore, the recommended sanction is commensurate with respondent's misconduct. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Baran, Piper, Tarkowsky, Fitzgerald & Theis Co., L.P.A., and Robert B. Fitzgerald, for relator.

Kettlewell & Donchatz, L.L.C., and Charles J. Kettlewell, for respondent.

_____