DISCIPLINARY COUNSEL *v*. DETWEILER.

[Cite as *Disciplinary Counsel v. Detweiler*,

127 Ohio St.3d 73, 2010-Ohio-5033.]

*Attorney misconduct, including representing a client when there was a substantial risk that the attorney's ability to represent the client was materially limited by his own personal interests — Public reprimand.*

(No. 2010-1104 — Submitted August 10, 2010 — Decided October 21, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-014.

_____

**Per Curiam**.

**{¶ 1}** Respondent, William Jeffrey Detweiler of Akron, Ohio, Attorney Registration No. 0039269, was admitted to the practice of law in Ohio in 1987. On February 8, 2010, relator, Disciplinary Counsel, charged respondent with violating the Rules of Professional Conduct by engaging in a sexual relationship with a client. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement, filed pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("BCGD Proc.Reg."). The panel accepted the agreement, concurred in the agreed sanction, and recommended that the board accept the agreement, which the board did. We, too, accept the agreement, and we publicly reprimand respondent for his misconduct.

**Misconduct**

**{¶ 2}** The stipulated facts of this case show that in April 2008, a female client retained respondent to represent her in her divorce. In May 2008, while the

divorce was pending, respondent and his client began expressing romantic and sexual feelings toward one another in person and by telephone and e-mail. The following month, they had a sexual encounter in the client's car. They continued to exchange sexual e-mails in July and August, and the sexual relationship ended in September 2008. Respondent, however, continued to represent the client in her divorce case until she terminated his services in July 2009.

{¶ 3} The parties have stipulated that respondent's improper sexual relationship with his client violated Prof.Cond.R. 1.8(j) (prohibiting a lawyer from soliciting or engaging in sexual activity with a client unless a consensual sexual relationship existed prior to the client-lawyer relationship), 1.7(a)(2) (providing that a lawyer's continued representation of a client creates a conflict of interest if there is a substantial risk that the lawyer's ability to represent the client will be materially limited by the lawyer's own personal interests), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## Sanction

{¶ 4} In recommending that we accept the agreed sanction for respondent's misconduct, the board considered the aggravating and mitigating factors listed in BCDG Proc.Reg. 10. In mitigation, the parties have stipulated that respondent does not have a prior disciplinary record and that he has displayed a cooperative attitude toward the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(a) and (d). There is no evidence of any aggravating factors. See BCGD Proc.Reg. 10(B)(1).

{¶ 5} We have publicly reprimanded attorneys for having sexual relationships with clients when the relationships are legal and consensual and have not compromised the clients' interests. See, e.g., *Cincinnati Bar Assn. v. Schmalz*, 123 Ohio St.3d 130, 2009-Ohio-4159, 914 N.E.2d 1024, ¶ 9; *Disciplinary Counsel v. Engler*, 110 Ohio St.3d 138, 2006-Ohio-3824, 851

N.E.2d 502 ¶ 12-13.  Therefore, we conclude that the recommended sanction is appropriate.

{¶ 6}  Accordingly, respondent is publicly reprimanded for his violations of Prof.Cond.R. 1.7(a)(2), 1.8(j), and 8.4(h).  Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Charles E. Grisi, for respondent.

_____