CINCINNATI BAR ASSOCIATION *v.* WIECZOREK.

[Cite as *Cincinnati Bar Assn. v. Wieczorek,* 135 Ohio St.3d 434,

2013-Ohio-1743.]

*Attorneys at law—Misconduct—Sexual activity with a client—Consent-to-discipline agreement—Public reprimand.*

(No. 2013-0224—Submitted February 27, 2013—Decided May 1, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 12-063.

_____

**Per Curiam**.

{¶ 1} Respondent, Mark Jon Wieczorek of Cincinnati, Ohio, Attorney Registration No. 0082916, was admitted to the practice of law in Ohio in 2007. On August 6, 2012, relator, Cincinnati Bar Association, charged respondent with professional misconduct for engaging in consensual sexual activity with his client while representing her on a charge of driving while intoxicated.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Wieczorek stipulated to the facts alleged in relator's complaint and agreed that his conduct violated Prof.Cond.R. 1.8(j) (prohibiting a lawyer from soliciting or engaging in sexual activity with a client unless a consensual sexual relationship existed prior to the client-lawyer relationship).

{¶ 4} The parties stipulated that mitigating factors included the absence of a prior disciplinary record and a cooperative attitude toward the disciplinary proceedings. *See* BCGD Proc.Reg. 10(B)(2)(a) and (d). In addition, the parties

noted that Wieczorek's personal relationship with this client did not adversely affect the legal representation that he provided her.  Based upon these factors, the parties stipulated that a public reprimand is the appropriate sanction for Wieczorek's misconduct.

**{¶ 5}** The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.  The board refers to similar disciplinary cases in support of its recommendation, including *Allen Cty. Bar Assn. v. Bartels*, 124 Ohio St.3d 527, 2010-Ohio-1046, 924 N.E.2d 833 (imposing a public reprimand on an attorney who had a sexual relationship with a client), and *Disciplinary Counsel v. Engler*, 110 Ohio St.3d 138, 2006-Ohio-3824, 851 N.E.2d 502 (imposing a public reprimand on an attorney who had two sexual encounters with a client in a divorce case).  We agree that Wieczorek violated Prof.Cond.R. 1.8(j) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a public reprimand.  Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 6}** Accordingly, Mark Jon Wieczorek is hereby publicly reprimanded. Costs are taxed to Wieczorek.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Ann L. Lugbill, Edwin W. Patterson III, and Carolyn A. Taggart, for relator.

Mark VanderLaan, for respondent.

_____

2